No. 13,319.

Feste *v.* The People.

(25 P. [2d] 177)

Decided August 15, 1933. Rehearing denied September 18, 1933.

Mr. Samuel D. Menin, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Charles H. Queary, Assistant, for the people.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

Feste was convicted by a jury of obstructing, opposing and resisting an officer in the execution of his duties and sentenced to confinement in the county jail for a period of thirty days. He assigns error.

The officer, one E. D. Brown, was a constable acting under a writ of restitution in unlawful detainer, issued by a justice of the peace. The writ showed on its face that plaintiff had obtained a judgment. It was issued in the name of the people and directed to "the Sheriff or any Constable of said County," who was commanded to execute such writ. Defendant was a stranger to the action under which it was issued. The judgment was based upon an affidavit and complaint in unlawful detainer, followed by a summons, served by a constable.

The information was under section 6793, C. L. 1921. Defendant contends that he did not know at the time that Brown was an officer, but there is direct evidence to the contrary. It also appears that being so informed, he not only persisted in his interference with such officer in the performance of his duty, but incited others to similar lawlessness.

Defendant points to an alleged irregularity in the proceedings before the justice of the peace because, so he says, it was not shown that any demand for possession or payment of rent was made on the tenants prior to the commencement of the action. Again the record contradicts him; the service of such demand in writing is alleged under oath in the original complaint, and a copy of such demand is attached thereto and made a part thereof. It does not appear that the tenants, defendants in the unlawful detainer action, answered the complaint as required by sections 6376 and 6378, C. L. 1921, or at all. They thereby admitted the allegations of the complaint. What evidence was introduced in support of such complaint in the justice court is of course not pre-

served in the record, and would have no place there if it were included, nor does it concern the present defendant Feste, who, as we have said, was a stranger to that action.

■ We quote with approval the following from page 869, section 5 c. 46 C. J.: "Where the process of warrant appears on its face to have issued from competent authority and with legal regularity, it is an indictable offense to interfere with or obstruct the officer executing it, notwithstanding any error or irregularity in the previous issuing of the same * * *."

■ Error is assigned for failure to give certain instructions, but they were covered by other instructions as given. Complaint is also made as to remarks of the district attorney as to how the jury was to "take the evidence," but the court fully instructed the jury how to take it, and told the jurors that the remarks of counsel were not evidence. There was no error in the giving or refusal of instructions, or in any other particular.

■ The evidence was ample to sustain the conviction, and it would be subversive of justice to let men take the law into their own hands, or for the courts to countenance a knowing and wilful obstruction and opposition to a lawful process or order of any court, contrary to the above statute. The defendant violated it at his peril. To hold otherwise would paralyze the arm of the court and subordinate its authority to the whim and caprice of individuals.

Judgment affirmed.

Mr. Justice Campbell, Mr. Justice Hilliard and Mr. Justice Holland concur.