No. 19,115.

WAYNE OREBAUGH *v.* JOE DOSKOCIL.
(359 P. [2d] 671)

Decided February 27, 1961.

Mr. WALTER BOHM, Mr. EDWARD C. HASTINGS, Messrs. SCHMIDT & SCHMIDT, Mr. EUGENE O. BIRD, for plaintiff in error.

Messrs. HAM & JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

PLAINTIFF in error was defendant in the trial court and will be referred to as Orebaugh or defendant. Defendant in error was plaintiff and will be referred to as Doskocil or plaintiff.

On March 31, 1959, Doskocil filed in the District Court of Baca County a complaint in forcible entry and detainer against Orebaugh, who was served with a copy of the complaint and summons on April 3, 1959. On April 25, 1959, a default judgment for possession was entered in favor of plaintiff against defendant by the district court sitting at Lamar in Prowers County. This default judgment was entered by the trial judge (not the clerk) only after receiving testimony and the admission in evidence of five exhibits. The testimony, however, was not recorded by the court reporter. The judgment proper was in written form signed by the trial judge and forthwith transmitted to the clerk of the district court of Baca County, where it was filed and became a public record.

On April 28, 1959, three days after judgment was entered, defendant filed an answer, defendant and his counsel, as of that date, apparently being unaware that

486

defendant was in default and that judgment had already entered. On May 2, 1959, defendant filed a Motion to Vacate Judgment supported by the affidavit of his counsel. This motion was heard and denied on May 11, 1959. By writ of error defendant seeks reversal of the action of the trial court denying his motion to vacate the default judgment.

Plaintiff's complaint alleged that he was the owner of certain described real property situate in the County of Baca, State of Colorado, and that on or about February 15, 1955, plaintiff's predecessor in title and the then owner of said property, one Eileen Dyerly, leased said property to the defendant by written lease, a copy of which was attached to the complaint as exhibit "A"; that under the terms of this lease the property was leased to the defendant for successive yearly terms, the last of which terminated on February 28, 1959. The lease, signed by Dyerly and Orebaugh on February 15, 1955, by its terms leased to Orebaugh certain described property for a term of one year, beginning on the 1st day of March 1955 and ending on the 28th day of February 1956, the rental being one-fourth grain rent delivered to market, with the further proviso: "second party [Orebaugh] given option to extend lease for one year at the same rent, thereafter as long as both parties agree, option to be exercised at least 30 days prior to March 1st, each year." It was alleged that on January 9, 1959, defendant was notified by registered mail, which was received by him on January 16, 1959, that plaintiff would *not* renew or extend the lease for the year commencing March 1, 1959, and demanding possession of the premises on March 1, 1959. A copy of this letter was attached to the complaint as exhibit "B." Plaintiff further averred that notwithstanding the termination of defendant's tenancy and plaintiff's demand for possession the defendant refused to deliver possession; that neither plaintiff nor his predecessor in title [Dyerly] "have leased or extended the former lease" under which defendant has

held possession, and that plaintiff was entitled to immediate possession of his land.

Defendant in his tendered answer admitted: (1) the proper execution of said lease; (2) that under the terms of said lease the property was leased to defendant for successive terms, the last of which terminated on February 28, 1959; and (3) the termination of defendant's tenancy under the terms of said lease.

It is contended that the trial court erred in denying the motion to vacate the judgment for the following reasons: (1) the default judgment is either "irregular, erroneous or void" because the evidence offered in support of the application for a default judgment was not stenographically recorded by the court reporter; (2) the default judgment is either "irregular, erroneous or void" because the hearing in connection therewith was actually held in Prowers County rather than Baca County, the latter being the county where the leased premises were situate; (3) the default judgment was contrary to the evidence as offered by the plaintiff, in that exhibit "C" which was offered and received by the trial court at the hearing before default judgment entered was a letter from plaintiff to defendant wherein the former states that wheat and rye growing on the land as of January 9, 1959, could be harvested by Orebaugh and the one-fourth grain rent delivered to Doskocil; (4) the record shows the existence of excusable neglect on the part of defendant or his counsel or both and also shows a prima facie meritorious defense.

█ In connection with the first assignment above noted, under the circumstances of this case the trial court was not required to take evidence before entering the default judgment, assuming the court was satisfied as to sufficiency of service and the fact that defendant was actually in default. In *Feste v. The People*, 93 Colo. 206, 25 P. (2d) 177, this court held that a defendant in an unlawful detainer action who failed to answer within the required time thereby *admitted* the allegations of the

complaint. And, of course, allegations deemed admitted need not be proved.

Moreover, Rule 55 (b), R.C.P. Colo., provides, inter alia, that " * * * *If,* in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of an averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearings or order such references *as it deems necessary or proper."* (Emphasis supplied.) The plaintiff here made no claim for damages, but only sought possession of the premises. In such circumstances the court under the Rule has wide discretion as to whether a hearing is necessary prior to entry of a default judgment, and if it decides to hold a hearing it follows that the court also has discretion as to the type of hearing and the degree of its formality. Defendant suggests that Rule 80, R.C.P. Colo., providing that the district court shall direct that evidence be taken stenographically unless the parties stipulate to the contrary controls the present situation. This general rule must give way to the specific rule governing the entry of default judgments and has no application to the situation before us. While it may be better practice to have a reporter present when testimony is offered prior to the entry of a default judgment, Rule 55 (b) does not require it.

Similarly, the contention of defendant that the default judgment is "irregular, erroneous or void" because the hearing prior to the entry of default judgment was held in Prowers County rather than Baca County is equally without merit. Rule 98 (i), R.C.P. Colo., providing for trial in any other county of a district when the parties who have entered their appearance assent and the remaining nonappearing parties are in default, is a complete answer to this contention. Here the action was filed in the county having proper venue, and the defendant being in default, hearing was held in an ad-

joining county for the convenience of the court and of counsel. Defendant has failed to show any prejudice resulting from the manner in which the default judgment was entered and no grounds for reversal may be predicated thereon.

Defendant next contends the trial court erred in denying his motion to vacate the judgment on the ground that the default judgment did not conform to the evidence offered by the plaintiff in connection with his application for default judgment. It is asserted that plaintiff's "Notice to Quit" letter of January 9, 1949 (exhibit "C"), stated that defendant could "harvest the wheat and rye growing on the land at the present time," and that this somehow defeats plaintiff's right to possession. We think this contention completely untenable, both as a matter of fact and of law. Plaintiff seeks possession of the lands now owned by him. The fact, if it be a fact, that there were growing crops thereon does not in and of itself defeat the right of plaintiff to possession. This is true even though a tenant under certain circumstances may have rights to growing crops, a right protected by statute. C.R.S. '53, 58-1-5. Such right is not, however, in and of itself a valid defense to a complaint in forcible entry and detainer. In *Hemberger v. Hagemann,* 120 Colo. 431, 210 P. (2d) 995, this Court recognized that a tenant has the right to share in all crops which are planted before he receives notice to quit, and also has the same right if the land was tilled prior to said notice, such right being protected by the applicable statute. However, there is nothing in the language of the Hemberger case which in any manner supports the proposition that the right of a tenant to share in the growing crops constitutes a valid defense to a forcible entry and detainer action.

Defendant's contention that the trial court erred in denying defendant's motion to vacate the judgment for the reason that the record shows the belated filing of the answer was the result of excusable neglect, and

that the tendered answer sets forth a prima facie meritorious defense, is without merit. The trial court agreed that there was a showing of excusable neglect, but ruled that the tendered answer did not state a meritorious defense. We are in accord with these findings. The misunderstanding between defendant and his counsel as to when he had been served with a copy of the summons and complaint resulting in the mistaken belief of counsel that he had until April 28, 1959, to file an answer is understandable and probably excusable. But such fact, standing alone, would not justify the trial court in setting aside the default judgment. In *Burr v. Allard,* 133 Colo. 270, 293 P. (2d) 969, the following was quoted with approval: " * * * to vacate a default a mere showing of excusable neglect is not sufficient. A defense to the action prima facie meritorious, must also appear. And it must be stated with such fullness and particularity that the court can see it is substantial, not technical, meritorious and not frivolous."

In his tendered answer defendant admitted the proper execution of the lease; that the property was leased for successive yearly terms, the last of which was to terminate on February 28, 1959; and the termination of defendant's tenancy under the terms of said lease. True he denied that plaintiff was entitled to immediate possession, but this is no more than denial of a legal conclusion. He admitted all the factual matters necessary to entitle plaintiff to immediate possession. Although the tendered answer denies the allegation of the complaint that neither plaintiff nor his predecessor in title "have leased or extended the lease upon the premises under which defendant has had possession of said land," no "other" or "extended" lease is affirmatively averred. Examination of the reporter's transcript of the hearing on defendant's motion to vacate the judgment reveals that by some method of legal legerdemain defendant theorizes that the lease involved was a "holdover lease" unencumbered by the various provisions of the written

lease, and therefore subject to the applicable statute requiring three months' notice. C.R.S. '53, 58-1-6. The various admissions of defendant in his tendered answer concerning the terms of the lease, completely refute such contention. 32 A.J. at page 790 reads as follows:

"Necessarily, rules as to holdover tenancies have no application where there is a contrary mutual understanding as to the tenant's continued occupancy of the premises. Such an agreement takes the place of the presumption as to holding over that the law otherwise raises. * * *

"The parties to a lease may therein expressly provide for a holding over, and what the nature of the tenancy shall be after the expiration of the term, and such an agreement will govern and a periodic tenancy will not arise."

So, here the "rules as to holdover tenancies have no application" because there is a "contrary mutual understanding," namely, the written lease between plaintiff's grantor and defendant, the execution, validity and termination of which is expressly admitted by defendant in his tendered answer. Moreover, the lease provides that it shall terminate each year on a date certain, namely March 1. In the absence of a contrary provision in the lease, "Notice to quit" is not necessary to or from a tenant whose term is by contract to end at a time certain. See *Mahaney v. Field,* 120 Colo. 518, 211 P. (2d) 827. The present lease requires a notice to quit of at least thirty days and defendant in his answer admits that he received such notice. This is *all* he is entitled to and he may not avail himself of the three-month requirement of the statute. The trial court did not err or abuse its discretion in ruling that the tendered answer failed to set forth a prima facie meritorious defense with such fullness and particularity that the court could see it is substantial, not technical, meritorious, not frivolous.

Careful examination of the record reveals that defendant has neither pled in his tendered answer nor

492

otherwise advised the court of any real defense to plaintiff's right to possession.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.