No. 79SA303

**Herbert Elwell Homsher, Jr., Forrest George Homsher, Mary Lorraine Homsher Wirth and Charles Brighton Homsher, doing business as Homsher Farms and Ranches, a Partnership; G. N. Scranton, M. D. Scranton, and Harlan Johnson, as Escrow Agent v. District Court for the County of Prowers and State of Colorado and the Honorable Robert Sanderson, one of the Judges thereof**

(602 P.2d 5)

Decided October 29, 1979.

Johnson, McLachlan & DiCola, Stanley A. Brinkley, for petitioners.

Respondents appear Pro Se.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

By original proceeding, the petitioners here seek to require the respondent court to vacate its denial of a motion for a default judgment and to enter such judgment. We issued a rule to show cause as to why the relief requested should not be granted, and now make the rule absolute.

Petitioners as plaintiffs in the respondent district court initiated an action against Western Land and Livestock Company (the corporation) and William B. G. Gregg on a promissory note for judgment of $580,000, plus interest, costs, and attorneys' fees. They claimed that the corporation executed the note in their favor in performance of a receipt and option contract for their sale of certain real property to the corporation. The note was allegedly signed by Gregg, individually and as president of the corporation. Petitioners claimed that the buyer had failed to perform and that the terms of the contract allowed judgment on the note.

The defendants in the action failed to answer the complaint. On May 22, 1979 the petitioners requested the clerk of the respondent court to enter the defendants' default. On June 1st petitioners moved the respondent court for a default judgment. At no time did the defendants file an answer or make an appearance, even though there was apparent jurisdiction and proper service of process. The respondent court nevertheless denied the motion on June 21st, giving no reason for the denial. The instant petition followed.

The respondent judge answered the rule to show cause by stating that he refused to give plaintiffs a default judgment solely for the reason that the amount sought was grossly excessive. He expressed the belief that plaintiffs' claim for attorneys' fees was excessive. He further suggested

defensive matters which might be raised by the defendants to support his conclusion that the subject promissory note was not enforceable.

We see no reason for us to respond to the issues of defensive matters raised by the respondents. Where the defendants in a case such as this fail to answer a complaint or to make any effort to appear before the trial court, the trial court is not obliged to, and indeed should not, assume a position adversarial to the plaintiffs and representative of the parties declining to appear.

C.R.C.P. 55 provides for the proper course of action in the event a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend: his default shall be entered, followed by in certain instances a hearing, and, if proper, an entry of judgment by default. If, to enter a judgment or to carry it into effect, the court believes it necessary to investigate any matter raised by the proposed entry of judgment, it may do so by conducting hearings or ordering whatever it deems necessary and proper to that end. C.R.C.P 55(b)(2). For example, in the instant case, since the respondent judge questioned the propriety of the amount of attorneys' fees, he should have conducted a hearing on that matter rather than simply deny the apparently valid motion for a default judgment. *See e.g., Chios v. Marlow,* 39 Colo. App. 218, 563 P.2d 387 (1977).

It is commendable that a trial judge wishes to prevent what he fears is a potential injustice to a party before his court. Many share that concern. The rules of civil procedure were fashioned to define a judicial procedure by which the interests of all parties may be safeguarded. For example, Rule 55(c) allows for the setting aside for good cause of both an entry of and a judgment by default. Here, the respondent judge could not act to ensure that the defendants would not suffer injustice or be deprived of fairness in his court absent a request for relief from default under C.R.C.P. 55(c).

There appears no sound reason to support respondent's denial of petitioners' motion for a default judgment.

Rule made absolute.