**LINCOLN FIRST BANK, N. A., Successor in Interest to the National Bank of Westchester, a Division of Lincoln First National Bank, a foreign corporation, Petitioner,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER and State of Colorado, and the Honorable Gilbert A. Alexander, one of the Judges thereof, Respondents.**

No. 80SA346.

Supreme Court of Colorado.

May 18, 1981.

Rehearing Denied June 8, 1981.

West & Weaver, P. C., John W. Weaver, Denver, for petitioner.

James E. Rowe, Jr., Denver, for respondents.

ROVIRA, Justice.

We issued a rule pursuant to C.A.R. 21 to determine whether the district court was proceeding without or in excess of its jurisdiction by its refusal to order the dismissal of the petitioner, Lincoln First Bank (Lincoln), as a defendant to a third-party complaint filed by George Merchant, the third-party plaintiff. Lincoln alleged in its petition that the district court had failed to give effect to the mandatory and exclusive venue provision of the National Bank Act, Rev.Stat. § 5198, 12 U.S.C. § 94. This section provides that

> "[a]ctions and proceedings against any [national banking] association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The language of 12 U.S.C. § 94 has been interpreted by the United States Supreme Court as creating a personal privilege for the convenience of national banking institutions in order to prevent interruption in their business that might otherwise result from their books being sent to distant locations in defense of claims against them. *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). The statutory privilege, however, "may be claimed or waived, as the bank may choose." *Colorado National Bank v. District Court*, 189 Colo. 522, 525, 542 P.2d 853, 856 (1975); *National Bank v. Associates of Obstetrics*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); *Michigan Nat. Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); *Charlotte Nat. Bank v. Morgan*, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889).

We have previously exercised original jurisdiction to determine whether a trial court has exceeded its jurisdiction or abused its discretion by failing to grant a civil litigant's challenge to venue.[1] *Colorado National Bank v. District Court, supra; Bacher v. District Court*, 186 Colo. 314, 527

---

1. C.A.R. 21(a) expressly provides that relief in the nature of prohibition may be brought "where the district court has granted or denied change of venue in actions in rem or *in actions where the statute prescribes the forum*." (Emphasis added.) In this case the statute at issue is a federal one, not directly covered by C.A.R. 21 but intended by the federal Congress to apply to actions brought in state courts. *Michigan Nat. Bank v. Robertson, supra; Mercantile Nat. Bank v. Langdeau, supra*.

P.2d 56 (1974); *Jameson v. District Court,* 115 Colo. 298, 172 P.2d 449 (1946). This interlocutory procedure is, nonetheless, not a substitute for appeal. *Vaughn v. District Court,* 192 Colo. 348, 559 P.2d 222 (1977).

In this case the petitioner has presented no certified record of the hearing on its motion, no transcript of the court's oral findings and ruling, and no written order denying its motion. Instead, Lincoln has presented only the bare pleadings to which the court responded.

The respondent has, likewise, provided no record of the court's findings and ruling. However, respondent asserts and petitioner has not contested that the court's denial of dismissal was premised on a finding of waiver. Respondent asserts that certain facts support this finding which we have neither ability nor reason to evaluate in this C.A.R. 21 proceeding.

■■ A bank's venue privilege may be waived by its conduct. *National Bank v. Associates of Obstetrics, supra;* Annot., 1 A.L.R.3d 904 (1965). *See* Steinberg, *Waiver of Venue Under the National Bank Act,* 62 *Iowa L.Rev.* 129 (1976). The district court here acted within its jurisdiction to address the question of waiver as part of considering the petitioner's motion to dismiss. The petitioner has failed to carry its burden of showing that the court abused its discretion in resolving this issue.

We, therefore, discharge the rule and remand the cause to the district court for further proceedings.