FIRST NATIONAL BANK OF
DENVER, Petitioner,

v.

DISTRICT COURT, EL PASO COUNTY, COLORADO, DIVISION 5, and the Honorable John F. Gallagher, Judge of the District Court, Respondents.

No. 82SA148.

Supreme Court of Colorado,
En Banc.

Nov. 15, 1982.

Sari S. Escovitz, Law Office of C. Lee Goodbar, Jr., Colorado Springs, Michael W. Lillie, Hughes & Dorsey, Denver, for petitioner.

Frederick W. Newall, Jeffrey I. Tompkins, Colorado Springs, for respondents.

LEE, Justice.

The First National Bank of Denver (bank), petitioner, sought relief in this court in the nature of a writ of prohibition pursuant to C.A.R. 21(a),[1] alleging that the District Court of El Paso County, respondent, had exceeded its jurisdiction by denying a motion for change of venue based on the provisions of 12 U.S.C. § 94. We issued a rule to show cause why the requested relief should not be granted. We now discharge the rule.

The bank is a defendant in a civil suit for damages in the respondent district court brought by plaintiffs, Edwin, DeAnn, and Jack Abeyta. The present suit arose out of the following events:

On April 13, 1980, the plaintiffs purchased a mobile home from Mobile Modular Housing at Mobile's address in Denver. At the time of the purchase, the plaintiffs signed the bank's "Credit Sale Agreement" reflecting their financing arrangements for the purchase. The plaintiffs Edwin and DeAnn Abeyta reside in El Paso County, and the mobile home was to be delivered to them in Colorado Springs. Plaintiff Jack Abeyta, who cosigned the credit agreement, resides in Pueblo County. On May 15, 1980, the plaintiffs sent letters to the manufacturer, the seller, and the bank, giving notice of alleged breaches of warranties because of defects in the mobile home. The manufacturer and seller allegedly refused to repair the defects. On June 18, 1980, the plaintiffs received notice of eviction from their mobile home trailer park for failure to comply with a local ordinance. They alleged that they would not have been in violation of the ordinance if the defects in the mobile home had been repaired under the warranties and proper installation had been accomplished by the seller.

On July 18, 1980, the plaintiffs' attorney sent a letter to Mobile Modular Housing and the petitioner bank advising that the plaintiffs wished to cancel the contracts and return the mobile home. On July 28, 1980, the bank filed a replevin action against the Abeytas in El Paso County. On August 13, 1980, the bank took possession of the mobile home in El Paso County. Pursuant to a settlement agreement, the bank dismissed the replevin action without prejudice on August 21, 1980.

---

1. C.A.R. 21(a) provides in relevant part:

    "Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum."

The damage action which is the subject of this proceeding was started approximately one year after that dismissal of the replevin action. Named as defendants were the bank, the seller of the mobile home, and the manufacturer of the mobile home. The plaintiffs' complaint alleged that the bank had violated the terms of the settlement agreement and had failed to properly dispose of the mobile home in violation of section 4–9–502(2), C.R.S.1973. The plaintiffs sought, *inter alia,* an order rescinding all contracts relating to the mobile home sale because of material breaches by the defendants and compensation for their actual damages due to the breach of warranties. They sought return of the amount of their investment in the mobile home including a $6,603 downpayment and all earnest monies and deposits paid. They also sought repayment of the $3,965.56 cost of repairs due to the alleged defective condition of the mobile home and payment for loss of proceeds on resale because the mobile home was damaged, either in manufacture or in the process of being set up by the seller on delivery to their residence in Colorado Springs. Section 4–9–504(3), C.R.S.1973. The plaintiffs' complaint also sought reasonable attorney's fees, costs, and interest.

The venue issue presented for our review is whether the provisions for national banks in 12 U.S.C. § 94 may be asserted by the bank to avoid suit in El Paso County under the circumstances of this case. It is undisputed that the bank is located in Denver County.

## I.

Section 12 U.S.C. § 94 governs venue of actions against federally chartered banking institutions as follows:

"*Venue of suits.* Suits, actions, and proceedings against any association under this title may be had in any district, or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

This section has been interpreted on numerous occasions by the United States Supreme Court as mandatory in effect. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520 (1963), 9 L.Ed.2d 523 (1963); *National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc.,* 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976). "[N]ational banks may be sued only in those state courts in the county where the banks are located." *Mercantile National Bank at Dallas, supra,* 371 U.S. at 561, 83 S.Ct. at 523. Since the bank is located in Denver, a strict reading of the statute would require our conclusion that the Denver District Court is the only state district court in which suit may be brought against the bank.

However, exceptions to the strict application of the rule have been noted. A bank may be sued in the county where its branch bank is located. *Citizens and Southern National Bank v. Bougas,* 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977). Also, section 94 does not apply to local actions. *Casey v. Adams,* 102 U.S. 66, 26 L.Ed. 52 (1880). Finally, a bank may waive its right to assert venue under 12 U.S.C. § 94, either by failing to raise the issue or by conduct inconsistent with assertion of the privilege. *Lincoln First Bank, N.A. v. District Court,* 628 P.2d 615 (Colo.1981); *Reaves v. Bank of America,* 352 F.Supp. 745 (1973); compare *Tipton v. Zions First National Bank,* 42 Colo.App. 534, 601 P.2d 352 (1979); *Colorado National Bank of Denver v. District Court,* 189 Colo. 522, 542 P.2d 853 (1975).

There is no dispute in this case that the bank had no branch office in El Paso County. Likewise, the suit for damages was not a local action which would exempt the plaintiffs from application of the rule. *See Michigan National Bank v. Earl T. Robertson, et al.,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963). The one remaining ground to disallow application of the statute, that of waiver of the privilege, was the basis relied upon by the trial court in denying the petitioner's motion for change of venue.

The trial court held that since the bank had earlier instituted an action against the plaintiffs in the District Court of El Paso County, it had implicitly consented to the later suit in El Paso County regarding the same transaction.

## II.

The petitioner bank argues that it did not waive its privilege to assert the venue requirements of 12 U.S.C. § 94 either by filing the original action in the El Paso County Court or by failing to assert the venue privilege against other plaintiffs in prior civil suits in the El Paso County Court. It is admitted that the bank had previously been the defendant in other suits brought in El Paso County, but had not previously disputed venue.[2] We decline at this juncture to find waiver based upon the prior unrelated appearances in the El Paso County Court. The limited record available to us in this original proceeding does not set out in detail the matters which were the subjects of the prior proceedings. *Compare Reaves v. Bank of America,* 352 F.Supp. 745 (1973).

■ However, we agree with the Abeytas and the trial court that the bank's prior suit in El Paso County filed against the same parties and dealing with the same transaction does constitute waiver of the right to assert the venue privilege of 12 U.S.C. § 94 in this case. The petitioner's

**2.** The affidavit of the Clerk of the El Paso County District Court, attached to the respondents' answer to the order to show cause, sets forth sixteen cases between January 1974 and June 1980 in which the bank has used the services of the District Court of El Paso County without asserting a 12 U.S.C. § 94 objection to venue.

**3.** The bank argues that it did not waive venue objections by filing an action for replevin in El Paso County, because the action to recover possession must be brought in the county where the mobile home was located. 77 C.J.S. *Replevin* § 86 (Cum.Supp.1981). We need not now decide the proper rule for venue for an action to replevy a mobile home. *See* C.R.C.P. 98; *Hastings v. Security Thrift & Mortgage Co.,* 145 Colo. 36, 357 P.2d 919 (1960) (location of the property need not control venue for foreclosure purposes). However, it appears that the

complaint in the prior suit admitted venue was proper in El Paso County and requested relief in the nature of a recovery of possession based upon its security interest in the property, a money judgment against the Abeytas jointly and severally for the full amount of the promissory note, less the proceeds from resale, and any other relief the court deemed proper.

■ Thus, venue was not asserted merely as to the action for replevin, which the bank contends was local in nature,[3] but instead venue was admitted to be proper for all matters arising from the transaction, including liability under the promissory note and any counterclaims or defenses the Abeytas might raise. *See Michigan National Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963) (action against bank based upon mobile home loan and security interest do not come within the local action rule). The fact that the original case was settled prior to the time the defendants filed an answer does not, in our view, negate the bank's apparent waiver of its venue privilege.

Accordingly, we hold that the trial court did not err in finding that the bank's venue objections had been waived. Sufficient facts were before the court to support its finding of waiver which "may be inferred from conduct inconsistent with the assertion of the privilege." *Northside Iron and Metal Co., Inc. v. Dobson and Johnson, Inc.*

plaintiffs had tendered the mobile home to the bank at the time they sent their notice of rescission of the contracts, by letter of July 18, 1980, prior to the date the bank filed suit to recover possession, July 28, 1980. The statute does not require resort to judicial process in order to take possession of the collateral in such circumstances. *See* section 4–9–503(2), C.R.S.1973, and sections 4–9–501 through –504 dealing with the secured party's right to retake the collateral upon the debtor's default.

The bank's decision to initiate judicial proceedings to gain possession, coupled with its decision to raise and litigate other issues involved in the transaction, as stated in its complaint, including liability on the promissory note, indicated a voluntary waiver of the venue privilege and an intent to submit to venue in El Paso County. *Compare Bechtel v. Liberty National Bank,* 534 F.2d 1335 (9th Cir.1976).

and the *Third National Bank,* 480 F.2d 798, 800 (5th Cir.1973). The bank has failed to demonstrate that the trial court abused its discretion in making this factual determination. *Lincoln First Bank, N.A. v. District Court,* 628 P.2d 615 (Colo.1981). Considering that the bank chose the forum in the prior action, was present in the El Paso County Court to litigate all matters arising from the purchase and sale of the mobile home, and the further fact that the action was dismissed without prejudice, we are unpersuaded by the bank's argument that it is not now present in El Paso County for suit involving the same parties and arising from the same transaction and its alleged breach of the settlement agreement which precipitated the termination without prejudice of the earlier action. The factfinder could have reasonably concluded that the bank, by its conduct, waived its 12 U.S.C. § 94 venue privilege.

Rule discharged.