David YARD and Susan Yard,
Plaintiffs-Appellees,

v.

AMBASSADOR BUILDER CORPORATION, a Colorado corporation,
Defendant-Appellant.

No. 82CA1294.

Colorado Court of Appeals,
Div. I.

July 21, 1983.

Philip M. Kleinsmith, P.C., Philip M. Kleinsmith, Colorado Springs, for plaintiffs-appellees.

Charles J. Haase, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

This action was originally instituted by plaintiffs, David and Susan Yard, pro se, in

the small claims court. Defendant, Ambassador Builder Corporation, through its attorney, answered and had the matter transferred to the county court as provided by C.R.C.P. 503. Plaintiffs, through their attorney, and over the objections of defense counsel, obtained an order from the county court dismissing the action without prejudice so it could be filed in the district court. A copy of the proposed district court summons and complaint was attached to the copy of plaintiffs' motion to dismiss served on defense counsel.

Five days after the case was dismissed in county court, plaintiffs filed their complaint in the district court and a copy of the summons and complaint was personally served on the president of defendant. Defense counsel was not served with a copy, nor was he informed by plaintiffs' counsel of the action taken.

Ninety-three days after filing and service in the district court action, no appearance having been made on behalf of defendant, a default judgment was entered in favor of plaintiffs and against defendant. Neither defendant nor defense counsel were given any advance notice (other than that contained in the summons) of any application for judgment or of any hearing on the application. *See* C.R.C.P. 55(b)(2). A copy of the judgment was mailed by the clerk to defendant's president four days after entry of judgment.

In April 1981, 20 days after the mailing of the judgment, defendant, through its same counsel, filed its motion to set aside default. In its motion, it set forth that it had appeared through counsel in the county court case, that it had received no notice of application for judgment in this district court case, and that it had a valid defense to the action as indicated in its attached answer consisting of a denial of all essential allegations and setting forth specific affirmative defenses. In June 1982 the court denied the motion on the basis that no excusable neglect had been shown to justify setting aside the judgment. *See* C.R.C.P. 55(c) and 60(b)(1). Defendant's motion for

reconsideration was subsequently denied, and this appeal followed.

On appeal, defendant does not rely on C.R.C.P. 60(b)(1) (excusable neglect). Instead, apparently relying on C.R.C.P. 55(c) ("good cause shown") or C.R.C.P. 60(b)(5) ("other reason justifying relief"), it contends that its appearance by attorney with regard to what was essentially the same claim in small claims court and county court was sufficient to trigger the requirement for notice under C.R.C.P. 55(b)(2). It argues that the district court's failure so to hold was reversible error. We do not agree.

The county court and the district court are separate and distinct courts, and the two actions were separate and distinct lawsuits. An appearance in the former does not constitute an appearance in the latter. Defendant having failed to plead or otherwise appear in the district court action, plaintiffs were entitled to entry of, and judgment by, default without notice to the non-appearing defendant. C.R.C.P. 55(a) and C.R.C.P. 55(b)(2); *Homsher v. District Court,* 198 Colo. 465, 602 P.2d 5 (1979). As we stated in *Biella v. State Department of Highways,* 652 P.2d 1100 (Colo.App.1982):

"Colorado has taken a liberal approach in determining what constitutes an 'appearance' under C.R.C.P. 55(b)(2). . . . However, the rule of these cases is not sufficiently expansive to embrace defendants' conduct here.

"To be entitled to notice of application for judgment under C.R.C.P. 55(b)(2), a party's appearance must be responsive to the plaintiff's formal court action. The plaintiff's knowledge that the defendants plan to resist the suit is not enough . . . . Hence, the trial court correctly concluded that no notice was required under C.R. C.P. 55(b)(2)."

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.