Rudy V. SISNEROS, Plaintiff-Appellee,

v.

The FIRST NATIONAL BANK OF DENVER, a National Banking Association, Defendant-Appellant.

No. 82CA1319.

Colorado Court of Appeals, Div. I.

Oct. 20, 1984.

Rehearing Denied Nov. 17, 1984.

Certiorari Denied Oct. 9, 1984.

Albin Anderson, Grand Junction, for plaintiff-appellee.

John Mason, Jr., Denver, Williams, Turner & Holmes, P.C., Mark A. Hermundstad, Grand Junction, for defendant-appellant.

PIERCE, Judge.

Defendant, The First National Bank of Denver (the Bank), appeals the trial court's denial of its motion to set aside a default judgment entered against it and in favor of plaintiff Rudy Sisneros, on April 29, 1981. (Action No. 3) We affirm.

In February 1981, the Bank obtained a default judgment in an action against Sisneros on a promissory note in the Denver District Court. (Action No. 1) In March 1981, Sisneros moved to set aside that judgment and, after that motion was denied, instituted an appeal of the matter in this court. The appeal was eventually dismissed.

Also in March 1981, Sisneros filed his own action in Denver District Court against the Bank. (Action No. 2) In his complaint, Sisneros alleged that because no final judgment had been entered in Action No. 1, a purported transcript of judgment in that action, recorded by the Bank in the City and County of Denver, did not constitute a valid judgment lien and was a cloud on the title to his property. His first claim for relief in Action No. 2 sought judgment quieting his title to, and declaring that there was no judgment lien on, his Denver property. In his second through fifth claims for relief, Sisneros sought to enjoin the Bank from executing against his Denver property, and requested compensatory and exemplary damages for slander of title and for defamation. The complaint in Action No. 2 was served on the Bank on March 27, 1981.

On April 13, 1981, Sisneros and the Bank, through their respective counsel, entered into a written stipulation to vacate a temporary restraining order hearing that had been scheduled in Action No. 2. On April 16, the Bank filed its answer in that action, denying the claims of Sisneros, raising various affirmative defenses, and asserting a counterclaim.

At the same time that service was obtained in Action No. 2, the Bank was served in this action. (Action No. 3) The claims set forth in the complaint were identical to the first three claims asserted by Sisneros in Action No. 2, except that the challenged document was allegedly recorded in Mesa County against property owned by Sisneros in that county.

No answer having been filed by the Bank, Sisneros moved for and obtained entry of default in Action No. 3 on April 22, 1981. Pursuant to a motion therefor filed April 28, default judgment on Sisneros' first claim for relief was entered by the court on April 29, 1981, and was properly made final pursuant to C.R.C.P. 54(b). *See Harding Glass Co., Inc. v. Jones,* 640 P.2d 1123 (Colo.1982). The judgment contained a finding by the trial court that since the action involved title to real property located in Mesa County, venue in that county was proper under C.R.C.P. 98. Notice of Sisneros' application for judgment was not given to the Bank.

The Bank filed its verified motion to set aside this default judgment on November 3, 1981, 6 months and 4 days after entry of judgment. As grounds therefor, Bank alleged that its failure to have answered was the result of excusable neglect; that judgment was erroneously entered because no notice had been given as required by C.R.C.P. 55(b)(2); and that the trial court erred in entering judgment because Action No. 3 "represent[ed] a multiplicity of actions filed by Plaintiff...." The Bank also alleged that less than six months had elapsed since judgment had been entered, and that it had first learned of the judgment "some time during the month of October, 1981...."

In June 1982, Sisneros filed a "Motion to Strike Defendant's Motion to Set Aside Default Judgment," contending that the Bank's motion had been neither made nor pursued in a timely manner. At a hearing held in July, the Bank argued the matters set forth in its motion and stated that its motion was based on "numerous sections of Rule 60(b)." The Bank also argued that the judgment should be vacated because

venue was improper under 12 U.S.C.A. § 94. Without expressly addressing any of these arguments, the trial court denied the Bank's motion, ruling that the Bank had had "ample time" but had "failed to pursue rectification of its default within a reasonable time or as provided by [C.R.C.P. 60]." After consideration of Bank's motion to alter or amend the judgment, the trial court added a finding of no excusable neglect.

## I.

In this appeal, the Bank no longer claims that the judgment should be set aside on the basis of excusable neglect. The Bank initially contends that the default judgment was defective and should be set aside as void because it was not given the three-day notice required by C.R.C.P. 55(b)(2). In this regard, the Bank argues that it "appeared" in Action No. 3 within the meaning of the Rule because it had appeared and answered essentially the same claims in Action No. 2. We disagree.

■ The purpose of the C.R.C.P. 55(b)(2) notice requirement is to protect those parties who, although delinquent in filing pleadings within the prescribed time period, have indicated a clear purpose to defend by entry of their appearance. *Best v. Jones,* 644 P.2d 89 (Colo.App.1982); *Bankers Union Life Insurance Co. v. Fiocca,* 35 Colo. App. 306, 532 P.2d 57 (1975).

■ A liberal approach is followed in determining what constitutes an "appearance" under C.R.C.P. 55(b)(2). *See R.F. v. D.G.W.,* 192 Colo. 528, 560 P.2d 837 (1977); *Best v. Jones, supra; Carls Construction, Inc. v. Gigliotti,* 40 Colo.App. 535, 577 P.2d 1107 (1978). However, to be considered an "appearance" a defendant's actions must be responsive to the plaintiff's formal court action, and that plaintiff's knowledge that a defendant plans to resist a suit is, standing alone, insufficient to constitute an "appearance." *See Yard v. Ambassador Builder Corp.,* 669 P.2d 1040 (Colo.App. 1983).

■ Unlike the situation in other cases where a C.R.C.P. 55(b)(2) "appearance" has been found, the Bank made no attempt to file pleadings with the court or otherwise to appear directly in Action No. 3. *See R.F. v. D.G.W., supra; Best v. Jones, supra.* We recognize that Action No. 3 involves claims that are substantially similar to those asserted in Action No. 2. However, the two actions were separate and distinct lawsuits filed in different judicial districts. Hence, the Bank's appearance in Action No. 2 does not constitute appearance in Action No. 3, and the Bank was not entitled to notice under C.R.C.P. 55(b)(2) prior to judgment. *Yard v. Ambassador Builder Corp., supra.*

## II.

Bank further argues, on two grounds, that venue was improper and, therefore, that the judgment should be set aside pursuant to C.R.C.P. 60(b)(5).

### A. C.R.C.P. 98

■ Bank contends, for the first time on appeal, that the default judgment should be set aside pursuant to C.R.C.P. 60(b)(5) because venue was improper in Mesa County under C.R.C.P. 98(d). Because this issue was not raised in the trial court, we decline to consider it on appeal. In so doing, we reject Bank's implicit argument that under the circumstances of this case improper venue under C.R.C.P. 98 amounts to a jurisdictional defect and thus may be raised for the first time on appeal.

■ Prior to entry of the default judgment on Sisneros' first claim for relief, the trial court made an express finding that venue was proper under C.R.C.P. 98 because the situs of the property allegedly affected was Mesa County. Having made an inquiry regarding venue and having been satisfied that venue was proper under C.R.C.P. 98, the trial court complied with the prerequisites of C.R.C.P. 55(b)(2) as to the venue issue and, hence, did not lack authority to enter the default judgment. *Cf. Best v. Jones, supra.*

Further, improper venue does not otherwise amount to a jurisdictional defect making a default judgment void. *See Fletcher v. Stowell*, 17 Colo. 94, 28 P. 326 (1891). *See also* 10 *C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil* § 2695 at 506 (2d ed. 1983). *Cf. Board of County Commissioners v. District Court*, 632 P.2d 1017 (Colo.1981). Thus, Bank's failure to raise C.R.C.P. 98 in connection with its trial court motion to set aside the judgment precludes Bank from urging the matter on appeal. *City of Aurora v. Aurora Firefighters' Protective Ass'n*, 193 Colo. 437, 566 P.2d 1356 (1977); *Wickland v. Snyder*, 39 Colo.App. 403, 565 P.2d 976 (1977).

### B. 12 U.S.C.A. § 94

Bank also contends, as it did in the trial court, that the judgment should be set aside pursuant to C.R.C.P. 60(b)(5) because venue was improper under 12 U.S.C.A. § 94, which governs venue of actions against national banking associations. As with its other contentions based on C.R.C.P. 60(b)(5), Bank additionally argues that since its motion was filed within a "reasonable time" after entry of the default judgment, it raised this argument in a timely manner. We do not reach the question of whether venue was in fact proper under 12 U.S.C.A. § 94, nor whether the Bank filed its 60(b)(5) motion to set aside the judgment within a reasonable time. Rather, we conclude that any such improper venue under the circumstances of this case does not constitute a basis to vacate the judgment under C.R.C.P. 60(b)(5).

As a preliminary matter, we note our disagreement with Bank's argument, apparently raised in an attempt to implicate the provision of C.R.C.P. 60(b)(3), that the venue findings required to be made prior to entry of a default judgment under C.R.C.P. 55(b)(2) serve to defeat a trial court's jurisdiction to enter a default judgment where venue under 12 U.S.C.A. § 94 is in fact improper. C.R.C.P. 55(b)(2), by its terms, pertains only to the Colorado venue rules set forth in C.R.C.P. 98.

Additionally, although the provisions of 12 U.S.C.A. § 94 are mandatory when timely raised, *see Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), improper venue thereunder may be waived and is not jurisdictional. *See First National Bank v. District Court*, 653 P.2d 1123 (Colo.1982). Thus, any defect in venue would not render the judgment here void. *See Sauls v. Sauls*, 40 Colo.App. 275, 577 P.2d 771 (1977). Hence, and as Bank essentially concludes, if a judgment is to be set aside for improper venue under 12 U.S.C.A. § 94, (and as here, the motion to set aside is filed more than six months after entry), the movant must ground his request for relief in C.R.C.P. 60(b)(5), not 60(b)(3).

C.R.C.P. 60(b)(5) is a residuary clause covering extreme situations not covered by the preceding clauses in the rule. Further, the reason alleged by the movant thereunder must "justify relief." *Atlas Construction Co. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979).

We hold that by its argument based on 12 U.S.C.A. § 94, Bank has not shown an extreme situation here that would justify relief under C.R.C.P. 60(b)(5).

The language of 12 U.S.C.A. § 94 has been interpreted by the United States Supreme Court as creating a personal privilege for the convenience of national banking institutions in order to prevent interruption in their business that might otherwise result from their books being sent to distant locations in defense of claims made against them. *See Mercantile National Bank v. Langdeau, supra. See also Lincoln First Bank v. District Court*, 628 P.2d 615 (Colo.1981). However, in support of its contention that the judgment should be set aside here for improper venue under that statute, the Bank did not allege or prove, and does not now argue that venue of this action in Mesa County resulted in inconvenience to it which contributed to its failure timely to appear.

To the contrary, Bank alleged only that it had confused this action with Action No. 2

and that its counsel had not read the venue caption in the summons and complaint herein at all. Bank has therefore asserted no factual justification for relief based upon the rationale of the subject venue statute, but essentially seeks adoption of a rule of law that would make improper venue under 12 U.S.C.A. § 94 a *per se* justification for relief from a judgment under C.R.C.P. 60(b)(5). In light of the extreme circumstances contemplated by C.R.C.P. 60(b)(5) and the availability to a timely movant of the provisions of C.R.C.P. 60(b)(1), we decline to adopt such a rule.

### III.

■ We also reject Bank's remaining contention that it is entitled to relief from the default judgment under C.R.C.P. 60(b)(5) because Sisneros' complaint in this action constitutes an improper collateral attack on the judgment that Bank obtained against Sisneros in Action No. 1. While an improper collateral attack might have been assertable by the Bank as a defense to this action, we find no authority and perceive no basis for concluding that the existence of a defense, which was not timely raised, constitutes an extreme situation justifying relief from a default judgment under C.R.C.P. 60(b)(5). *See Atlas Construction Co., Inc. v. District Court, supra. See also Jackson v. Heiser,* 111 F.2d 310 (9th Cir. 1940); 6 *Moore's Federal Practice* ¶ 55.-10[2] (2d ed. 1983).

Order affirmed.

VAN CISE and BABCOCK, JJ., concur.