**Leonard SCHENCK and Carol A. Schenck, Plaintiffs-Appellants,**

**v.**

**Norm VAN NINGEN and Arnie Schaffer Realtors, Defendants-Appellees.**

No. 85CA0209.

Colorado Court of Appeals, Div. II.

April 24, 1986.

Alexander & Wieman, Terry L. Wieman, Colorado Springs, for plaintiffs-appellants.

James R. Clifton & Associates, P.C., Mark E. Macy, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs, Leonard and Carol A. Schenck, appeal from judgments entered in favor of defendants Norm Van Ningen and Arnie Schaffer Realtors (Schaffer). We affirm.

This dispute arises from plaintiffs' purchase of residential real estate. Van Ningen was their agent while Schaffer represented the sellers of the property.

Some fourteen months after the purchase had been completed, plaintiffs discovered that county officials had determined to condemn a portion of their lot in order to extend a street. Plaintiffs filed suit alleging that both real estate agents were negligent in not investigating and discovering that the street was to be extended and their property condemned. They also alleged outrageous conduct, intentional infliction of emotional distress, and tortious interference with plaintiffs' reputation, and sought punitive damages.

The suit was dismissed as to Van Ningen on cross-motions for summary judgment, the trial court ruling that Van Ningen had no duty to discover that El Paso County was contemplating the street extension at the time of the sale. Because Schaffer had not filed an answer, plaintiffs moved for default judgment against it; the court, however, reasoning that no cause of action had been pleaded because no duty existed, refused to enter the default and, instead, dismissed this suit also.

### I.

On appeal, plaintiffs argue that both defendants were under a duty to discover and disclose the fact that the county intended to extend the street adjacent to plaintiffs' property. Plaintiffs were understandably annoyed when part of their property became subject to condemnation. However, to rule as urged by plaintiffs would unreasonably expand the duties of loyalty, good faith, and reasonable care currently owed by real estate agents to their clients. *See Lestoque v. M.R. Mansfield Realty, Inc.*, 36 Colo.App. 32, 536 P.2d 1146 (1975); *Fitzgerald v. Edelen*, 623 P.2d 418 (Colo.1980). We are not aware of any support for the imposition of such a duty and decline to enter such a ruling. To expand their obligations as plaintiffs urge, would be to require of real estate agents not merely diligence, but clairvoyance.

### II.

Plaintiffs also contend that the trial court erred in denying their motion for entry of default judgment against Schaffer. In denying the motion the court stated:

"The Court does not find it proper to enter an Order of Default Judgment against Defendant ARNIE SCHAFFER REALTY under C.R.C.P. 55. While the Court does not take an adversarial posture with regard to the Plaintiffs, it would be absurd and manifestly unjust to enter an Order of Default Judgment against ARNIE SCHAFFER REALTY after finding that no cause of action existed in this matter and dismissing Plaintiffs' Complaint against Defendants FRANZEN and VAN NINGEN. ARNIE SCHAFFER REALTY stands in the same legal posture as dismissed Defendant ANN FRANZEN, and therefore, no cause of action accrues."

Franzen, an employee of Schaffer, was dismissed from the action, the court finding that she owed no duty to plaintiffs, and that her conduct as seller's agent was neither outrageous nor intentional.

We agree with the trial court. We recognize that *Homsher v. District Court*, 198 Colo. 465, 602 P.2d 5 (1979) indicates that when ruling upon a motion for default

judgment against a non-appearing party, the trial court should not go beyond the pleadings presented unless it does so by a hearing pursuant to C.R.C.P. 55(b)(2). However, in *Homsher,* a viable cause of action premised upon recovery under a promissory note had been pleaded, and the court's refusal of a default judgment arose from its unsupported determination that the damages and associated costs sought by plaintiff were exorbitantly high. In contrast here, the pleadings on their face reveal that no cause of action has been stated by plaintiffs against Schaffer.

██ Also, there is present here another factor not involved in *Homsher.* A co-defendant, Schaffer's agent, against whom the same claim for relief was asserted did appear and pled successfully for entry of summary judgment. It would be inconsistent to enter judgment against the principal after having held the same facts do not state a claim for relief against the agent who, under the facts here, occupies the same legal position.

██ Finally, we note that the *Homsher* opinion concludes with the statement that there was "no sound reason" to deny the motion for default. Here, there are sound reasons to deny the motions. Under these circumstances, we find *Homsher, supra,* distinguishable and can perceive no procedural or substantive reason to require the trial court to hold a hearing under C.R.C.P. 55(b)(2) to establish facts that are apparent from a reading of plaintiff's complaint. Hence, the motion for default was properly denied.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.