**CROW–WATSON # 8, a limited partnership, Plaintiff-Appellee,**

v.

**Karen A. MIRANDA, Defendant-Appellant.**

**No. 85CA0458.**

Colorado Court of Appeals,
Div. I.

Dec. 31, 1986.

Rehearing Denied Jan. 29, 1987.

Certiorari Denied May 18, 1987.

Brownstein, Hyatt, Farber & Madden, Paul Chessin, Douglas M. Tisdale, Denver, for plaintiff-appellee.

Robert J. Salazar, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Karen Miranda, appeals the trial court order denying her motion to vacate judgment of default entered against her. We affirm.

On August 23, 1983, defendant was duly served with a summons and complaint by plaintiff, Crow-Watson # 8. The complaint prayed for liquidated damages and attorney fees for unpaid rent under a lease that was made part of the complaint. Defendant filed an entry of appearance on September 9, 1983; however, she filed no answer to the complaint.

Thereafter, plaintiff filed a motion for judgment by default, a copy of which was mailed to defendant on October 4, 1983. Defendant did not oppose the motion, and judgment of default was entered against her on October 19, 1983. No formal hearing was held on the motion.

Defendant subsequently filed a motion to vacate the judgment of default which was denied.

## I.

Defendant primarily contends that default judgment may not be entered without three days' notice of a hearing on the motion. Thus, she argues that there must be both a hearing and three days notice of that hearing. We disagree.

C.R.C.P. 55(b)(2), in pertinent part, states that:

"If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application...."

This rule is then augmented by C.R.C.P. 121 § 1–14 which specifies what documents, affidavits, and other information must be provided to the court before default judgment is entered.

C.R.C.P. 55(b)(2) specifically provides that there must be notice of the "application for judgment." Plaintiff's motion for default was the application for judgment within the meaning of this section. *See Realty World-Range Realty, Ltd. v. Prochaska*, 691 P.2d 761 (Colo.App.1984). This motion was mailed on October 4, and defendant does not contend that service was improper. Therefore, "notice of the application for judgment" was in conformity with the rule.

As to defendant's contention that a hearing was required under the rules, we disagree. C.R.C.P. 55(b)(2) and 121 § 1–14 must be read together to understand their combined intent. While there may be some dispute concerning cases involving whether unliquidated damages require a hearing, *see Kwik Way Stores, Inc. v. Caldwell*, 709 P.2d 36 (Colo.App.1985), here, in which only liquidated damages were involved, no hearing was necessary.

A court has wide discretion as to whether a hearing is appropriate before entry of a default judgment. *Orebaugh v. Doskocil*, 145 Colo. 484, 359 P.2d 671 (1961). If the court has all the necessary information before it in the form of pleadings, affidavits, and other materials as required by these combined rules of procedure, and is satisfied as to the sufficiency of service and that defendant was in default, a hearing should not be necessary. *See Orebaugh v. Doskocil, supra.* When a defendant has received the requisite three-day notice of application for default, and has all of the information available to the court for rendering a judgment, but fails to respond, then the unanswered allegations of the complaint are admitted. *See Biella*

*v. State Department of Highways,* 652 P.2d 1100 (Colo.App.1982), *aff'd,* 672 P.2d 529 (Colo.1983). Accordingly, in such circumstances, a hearing would be superfluous, and defendant cannot complain of the absence thereof.

Here, since the pleadings and application for default judgment provided defendant with all the information necessary to justify judgment, and since defendant elected not to answer the complaint or respond to the motion, the trial court's ruling on the motion several days after the three-day notice was proper.

Order affirmed.

TURSI and CRISWELL, JJ., concur.