Kathleen M. DENMAN,
Plaintiff–Appellant,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation, Defendant–Appellee,

and

Great Western Railway Company, a Colorado corporation, Defendant.

No. 85CA0652.

Colorado Court of Appeals,
Div. I.

March 31, 1988.

Rehearing Denied May 5, 1988.

Certiorari Denied Sept. 12, 1988.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Englewood, Sherman & Howard, Edward A. Gleason, Denver, for plaintiff-appellant.

C. William Kraft, III, Denver, for defendant-appellee Burlington Northern R. Co.

HUME, Judge.

Plaintiff, Kathleen M. Denman, brought this action to recover for personal injuries allegedly sustained when a locomotive owned by defendant Burlington Northern Railroad Company collided with plaintiff's truck at a highway-railroad crossing. Burlington denied any negligence, denied that its negligence, if any, caused plaintiff's injuries, and asserted that plaintiff's own negligence caused her injuries. Plaintiff appeals the judgment entered on a jury verdict in favor of Burlington. Plaintiff also appeals the trial court's order of dismissal of her claims against Great Western Railway Company (Great Western) following its denial of her motion for default judgment against that defendant.

We affirm in part, set aside in part, and remand for further proceedings.

## I.

Plaintiff contends that the trial court erred: (1) in admitting medical testimony concerning a blood-alcohol test without adequate foundation; (2) in admitting hearsay testimony, under the excited utterance exception, from a police officer who related statements made to him by an eyewitness to the accident; (3) in granting Burlington's motion for directed verdict on plaintiff's claim for exemplary damages; and (4) in refusing to set aside the verdict which was manifestly against the weight of the evidence. We perceive no reversible error.

■ As to plaintiff's first contention, the trial court permitted Burlington to elicit testimony from plaintiff's treating physician about alcohol test results obtained by analysis of a blood sample drawn during plaintiff's emergency-room treatment following the accident. There was little evidence offered concerning how and by whom the sample was drawn, whether alcohol swabs were or were not used to cleanse the area from which the sample was drawn, what fluids, if any, were transferred into plaintiff's bloodstream prior to sampling, and how and by whom the chemical analysis procedure was performed. In addition, the evidence that the sample analyzed was blood from plaintiff was tenuous at best.

Under these circumstances, we agree that the evidence of the blood-alcohol test result was improperly admitted because no adequate foundation had been laid to show that the sampling and testing procedures were reliable, that the testing equipment was in order, or that the analysis was performed by a qualified person. *See People v. Bowers*, 716 P.2d 471 (Colo.1986).

■ However, the erroneously admitted evidence did not bear upon the issue of Burlington's negligence, which was the only issue determined by the jury. The blood-alcohol test results could only have influenced a verdict on the issues of contributory causation and comparative negligence, which were submitted to, but not determined by the fact-finder because it found Burlington not negligent. Therefore, the error in admitting this evidence was harmless. *See* C.R.C.P. 61; *Swan v. Zwahlen*, 131 Colo. 184, 280 P.2d 439 (1955).

■ Similarly, a police officer's iteration of an eyewitness' statement that the latter had been in a vehicle which had been drag-racing with plaintiff's vehicle immediately prior to the accident did not relate in any way to the issue of Burlington's negligence. Therefore, even if we assume that the court erred in determining that this hearsay evidence was admissible under the excited utterance exception, that error was also harmless and does not warrant reversal. *See* C.R.C.P. 61; *Swan v. Zwahlen, supra.*

■ Plaintiff's contention that the court erred in granting Burlington's motion for directed verdict dismissing the exemplary damage claim has been rendered moot by the jury's finding that Burlington was not negligent. Exemplary damages may be awarded only if a claimant is also awarded actual damages. Section 13–21–102(1)(a), C.R.S. (1987 Repl.Vol. 6A); *Palmer v. A–H Robins Co., Inc.*, 684 P.2d 187 (Colo.1984).

## II.

■ Plaintiff's complaint alleged that a co-defendant, Great Western, was negligent in maintaining the railroad grade crossing and in failing to control properly the condition of the intersection where the accident occurred. The trial court entered a default against Great Western on February 2, 1984, when it failed to enter an appearance or file a responsive pleading after having been served with process.

At the conclusion of the trial between plaintiff and Burlington, plaintiff moved for judgment against Great Western. The trial court denied the motion on April 4, 1985, finding that the evidence presented at the trial between plaintiff and Burlington did not establish Great Western's liability, and that the jury's finding established that plaintiff's injuries had been caused by her own negligence. Subsequently, in response to our show cause order, the trial court dismissed plaintiff's complaint

against Great Western, incorporating the findings made in its April 4, 1985, order, and rendering it final for purposes of appeal.

We agree with plaintiff's contention that the court erred in refusing to enter judgment pursuant to default against Great Western and, accordingly, set aside that order. First, the verdict returned by the jury made no finding on the issue of plaintiff's negligence, but only determined that Burlington was not negligent.

 Secondly, plaintiff was not required to present evidence of Great Western's negligence in trying the issues between herself and Burlington. Great Western had impliedly admitted the averments in the complaint by failing to deny them in a timely responsive pleading. C.R.C.P. 8(d) and C.R.C.P. 55(a). Allegations deemed admitted need not be proved. *Orebaugh v. Doskocil*, 145 Colo. 484, 359 P.2d 671 (1961). And, a trial court should not become a representative or advocate for parties who decline to appear. *Homsher v. District Court*, 198 Colo. 465, 602 P.2d 5 (1979).

 When default has been entered after in-state personal service of process, the court need be concerned only with matters of jurisdiction, venue, competency, and amount of damages in entering judgment against a non-appearing defendant. C.R.C.P. 55(b)(2). If the court finds it necessary to take an account, or to determine the amount of damages or to establish the truth of any averment to enable it to enter judgment, the court may conduct a hearing and take evidence concerning those matters. C.R.C.P. 55(b)(2). *Homsher v. District Court, supra; Orebaugh v. Doskocil, supra.*

Here, no hearing was held, and the court's denial was based solely upon a perceived failure of proof in the case involving Burlington. The trial court's concerns about potential injustice in entering judgment have been met by the provision of an adequate remedy, pursuant to which such injustice can be addressed. *See* C.R.C.P. 55(c) and C.R.C.P. 60(b). Under those rules, it is incumbent upon the defaulting defendant to establish good cause for relief and the existence of a meritorious defense to avoid the consequences of a default judgment. *Homsher v. District Court, supra.*

Therefore, the judgment denying plaintiff's claim against Burlington is affirmed. The orders denying plaintiff's motion for default judgment and dismissing plaintiff's claims against Great Western are set aside, and the cause is remanded with directions that the trial court conduct further proceedings required by C.R.C.P. 55(b)(2) and for entry of such judgment as the court deems proper.

PIERCE and CRISWELL, JJ., concur.