**TOWN AND COUNTRY KIDS, INC., Plaintiff,**

v.

**PROTECTED VENTURE INVESTMENT TRUST # 1, INC., et al., Defendants.**

Civ.A. No. 97–849–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 30, 1998.

Peter D. Greenspun, Rachel A. Daum, Fairfax, VA, for Plaintiff.

Daniel L. Belvin, Pro se, Silver Spring, MD, for Protected Venture Investment Trust # 1, Inc.

Arnold D. Perko, Silver Spring, MD, Pro se.

### ORDER

ELLIS, District Judge.

This is a diversity breach of contract and fraud action in which none of the defendants filed an answer or responsive pleading pursuant to Rule 12(b)(6), Fed.R.Civ.P. Accordingly, the matter was referred to a Magistrate Judge for an *ex parte* hearing on proof of damages and the matter is now before the Court on the Magistrate Judge's Report and Recommendation.

■ Defendants Protected Venture Investment Trust # 1, Daniel Belvin, and Arnold Perko jointly filed an objection to the Report and Recommendation, which includes a general opposition to the entry of a default judgment. Defendants'[1] opposition to the entry of a default judgment is properly treated as a motion to set aside the entry of a default under Rule 55(c), Fed.R.Civ.P., despite the absence of a formal motion. *See F.D.I.C. v. Danzig,* No. 93–1294, 1993 WL 478842 at *2 (4th Cir. Nov. 22, 1993); *Meehan v. Snow,* 652 F.2d 274, 276 (2nd Cir. 1981).[2]

■ Under Rule 55(c), a district court may set aside an entry of default "for good cause shown." Fed.R.Civ.P. 55(c). Generally, good cause is shown where the moving party (i) acts with reasonable alacrity to set aside the entry of default, and (ii) alleges a meritorious defense. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir. 1967). A meritorious defense requires a proffer of evidence "which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988). The underlying concern is "whether there is some possibility that the outcome...after a full trial will be contrary to the result achieved by the default." *Id.*(quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2697, p. 531 (2nd ed.1983)). In the instant case, defendants allege no facts that, if proven, would constitute a defense to the claims asserted. Rather, defendants merely assert that plaintiff is a knowledgeable businessman who "understands the cardinal rule of investing that you should never invest any money you cannot afford to lose." Accordingly, defendants have not shown good cause to set aside the entry of default.[3]

---

1. Except where specifically noted otherwise, "defendants" here refers collectively to defendants Protected Venture Investment Trust # 1, Belvin, and Perko, the only defendants to file an objection to the Report and Recommendation.

2. The clerk has not entered defendants' default as contemplated by Rule 55(a), Fed.R.Civ.P. Yet, because this is but a "technical or ministerial omission," which is not prejudicial to defendants, the proper course is to treat defendants' current motion as if a default had been entered. *See Danzig,* 1993 WL 478842 at *3 n. 5.

3. It is also worth noting in this regard that defendants do not offer any justification or excuse for their failure to file a timely answer or other responsive pleading as required by Rule 12, Fed.R.Civ.P. Moreover, it is clear that defendants, who apparently have not retained an at-

■ Defendants also object to the Report and Recommendation on the ground that they did not receive notice of the *ex parte* damages hearing, and hence were unable to adduce evidence that they believe to be pertinent to the Court's determination. Yet, defendants' objection is unavailing for two reasons. First, as the Court has now considered defendants' evidence, as submitted in their objection to the Report and Recommendation, defendants' are not prejudiced by their absence from the hearing. And second, defendants were not entitled to notice of the hearing. Specifically, Rule 55(b)(2), Fed.R.Civ.P., provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party...shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." Thus, if a defaulting party has not appeared in the action, no notice is required. The question, then, is whether defendants, although undeniably in default, have "appeared" in this action. In this regard, defendants' only action in connection with this case was to contact plaintiff's attorney following service of the complaint. Specifically, defendants sent plaintiff's attorney the "notarized deposition" of Perko and Belvin, in which defendants state their version of the facts, and suggest the possibility of settlement. The question then is whether defendants' informal response to the complaint, provided solely to plaintiff and not filed with the Court, constitutes an appearance.

■ Although the issue is unresolved in the Fourth Circuit, it has been addressed elsewhere. Thus, several circuits have interpreted such informal contacts between parties as appearances for purposes of Rule 55(b)(2). *See, e.g., Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir.1996); *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir. 1981); *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir.1977); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691–92 (D.C.Cir.1970). Yet, the better view

is that a party "has appeared" in an action under Rule 55(b)(2) "only where that party has actually made some presentation or submission *to the district court* in the pending action." *Zuelzke Tool and Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir.1991)(emphasis in original). As the Seventh Circuit noted in *Zuelzke*, "[s]uch an interpretation is consistent with traditional and accepted legal parlance in which 'appearance' is defined as 'a coming into court as a party to a suit, either in person or by an attorney, whether as plaintiff or defendant.' " *Id.* (quoting *Black's Law Dictionary* 89 (5th Ed.1979)). Further, requiring a party to make at least some submission to the district court is necessary to apprise the court of a fact pertinent to its determination, *i.e.*, whether that party has an interest in defending the suit. Thus, in the instant case, defendants' letter to plaintiff's counsel was not an appearance under Rule 55(b)(2), and accordingly, defendants were not entitled to notice of the default judgment hearing.

Upon a *de novo* review of the record as a whole, it is hereby;

**ORDERED** that the Court adopts the findings of fact and recommendation of the United States Magistrate Judge as set forth in the February 20, 1998 Report and Recommendation, and accordingly, **JUDGMENT** is **ENTERED** in favor of the **PLAINTIFF** against defendants Protected Venture Investment Trust #1, Daniel Belvin, Arnold Perko, Worldwide Commercial Financial Trust, and Peter Pompili on Counts I and II of the Complaint, in the total amount of **FIFTY FIVE THOUSAND DOLLARS ($55,000.00)**, with interest accruing at the appropriate statutory rate from February 6, 1995.

---

torney, are solely responsible for the default. *See Augusta Fiberglass*, 843 F.2d at 811 (considering

personal responsibility of movant, as opposed to his attorney, for the default).