**PLAZA DEL LAGO TOWNHOMES ASSOCIATION, INCORPORATED, Plaintiff–Appellee,**

v.

**HIGHWOOD BUILDERS, LLC, Defendant–Appellant.**

No. 05CA0607.

Colorado Court of Appeals, Div. IV.

Sept. 7, 2006.

James M. Harm, Denver, Colorado, for Plaintiff–Appellee.

The Haskins Law Firm, Thomas M. Haskins III, Carrie Kelly, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Highwood Builders, LLC (owner), appeals the trial court's default judgment in favor of plaintiff, Plaza del Lago Townhomes Association, Incorporated (the HOA). Owner also appeals the trial court's order denying its motion to set aside default judgment. We affirm the default judgment, vacate the order denying the motion to set aside the judgment, and remand for further findings of fact and conclusions of law.

## I. Facts

Owner owns thirty lots in a development that is subject to assessments by the HOA. As relevant to this appeal, the HOA filed a complaint against owner, seeking damages based on the foreclosure of an assessment lien resulting from owner's failure to pay its homeowners' association dues. On December 8, 2004, the HOA served an attorney in Colorado Springs, who was owner's registered agent.

Owner asserts that, after it received the complaint and summons, its Colorado Springs counsel retained a Denver attorney to assist it, that the parties entered into what owner refers to as a standstill agreement, and that, based on the agreement, it did not file an answer. The HOA contends that there was only an agreement to discuss settlement.

Between January 4 and January 28, 2005, the parties communicated to arrange a meeting to discuss settlement. Nonetheless, on January 20, 2005, the HOA moved for default judgment based on the lack of an answer. On January 28, 2005, the parties met to discuss settlement, and owner provided the HOA with a draft of its answer and counter-

claims. The HOA did not inform owner that it had filed a motion for default judgment.

Without holding a hearing, the trial court entered default judgment in favor of the HOA and awarded approximately $540,000 in damages. One day after the entry of default judgment, owner filed an answer and counterclaims. On February 7, 2005, the HOA filed a motion to amend the default judgment and asked that the court reduce the amount of damages to approximately $102,000.

Two days later, owner filed motions to set aside the original default judgment, to quash the HOA's motion to amend judgment, and for sanctions. On March 14, 2005, without a hearing, the trial court found that owner failed to file an answer by the deadline, the parties had not agreed to postpone the deadline, and owner's failure to answer was not the result of excusable neglect. The court also found that the HOA did not commit a fraud on owner or the court. The court denied owner's motion to set aside the default judgment, its motion to quash the HOA's motion to amend default judgment, and its motion for sanctions.

## II. Default Judgment

Owner contends the trial court erred by entering default judgment because (1) the HOA did not give owner's counsel notice of its motion for default judgment, (2) the HOA provided insufficient evidence to the court for the default and amended default judgments, and (3) the clerk did not enter a default pursuant to C.R.C.P. 55(a). We reject these contentions.

### A. Notice

Owner contends that it appeared in the action before the HOA filed for default and that as a result, it was entitled to three days written notice prior to the trial court's entry of default judgment. Accordingly, owner argues that the default judgment must be vacated for lack of notice. We disagree.

#### 1. Law

"If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." C.R.C.P. 55(b).

A defendant is entitled to notice under C.R.C.P. 55(b) when it engages in conduct "sufficient to indicate to the trial court that the defendant had an interest in participating in the litigation." *R.F. v. D.G.W.*, 192 Colo. 528, 530, 560 P.2d 837, 839 (1977). To be entitled to notice, however, it is essential that the defendant have somehow communicated with the court. *Realty World–Range Realty, Ltd. v. Prochaska*, 691 P.2d 761, 763 (Colo.App.1984) (concluding that the defendants were not entitled to notice when they did not make any contact with the court prior to the entry of default); *Carls Constr., Inc. v. Gigliotti*, 40 Colo.App. 535, 536, 577 P.2d 1107, 1108–09 (1978) (holding that the defendant sufficiently appeared and triggered the notice requirements by filing a letter with the trial court). A plaintiff's knowledge that a defendant intends to defend a lawsuit is, by itself, insufficient to constitute an "appearance" under C.R.C.P. 55(b). *Sisneros v. First Nat'l Bank*, 689 P.2d 1178, 1181 (Colo. App.1984); *Biella v. State Dep't of Highways*, 652 P.2d 1100, 1102 (Colo.App.1982), *aff'd*, 672 P.2d 529 (Colo.1983).

Thus, when determining whether a defendant has appeared in an action for purposes of C.R.C.P. 55(b), we do not apply the same rules as we would apply to determine whether a court has jurisdiction over the person. *R.F. v. D.G.W., supra*, 192 Colo. at 530, 560 P.2d at 838; *Carls Constr., Inc. v. Gigliotti, supra*, 40 Colo.App. at 536, 577 P.2d at 1108; *see also Yard v. Ambassador Builder Corp.*, 669 P.2d 1040, 1041 (Colo.App.1983) ("[d]efendant having failed to plead or otherwise appear in the district court action, plaintiffs were entitled to entry of, and judgment by, default without notice to the nonappearing defendant").

Nonetheless, even apart from its use in determining jurisdiction, the term "appearance," when used more generally in the law, refers to interactions with the court, not to communications with opposing counsel. *See Black's Law Dictionary* 94–95 (7th ed.1999). This general use is reflected in

*R.F. v. D.G.W., supra,* where the supreme court held that the defendant had "appeared in the action" because his conduct was "sufficient *to indicate to the trial court* that the defendant had an interest in participating in the litigation." *R.F. v. D.G.W., supra,* 192 Colo. at 530, 560 P.2d at 839 (emphasis added). It is also reflected in *First National Bank v. Fleisher,* 2 P.3d 706, 715 (Colo.2000), where the supreme court concluded that C.R.C.P. 55(b) required notice when the defendant "indicated a willingness to submit to the jurisdiction of the court and to defend against [the plaintiff's] allegations."

The Seventh Circuit Court of Appeals reached a similar conclusion in *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226 (7th Cir.1991). There, the court applied Fed.R.Civ.P. 55(b)(2), which is substantially similar to C.R.C.P. 55(b). The court stated that the plain meaning of the phrase "has appeared in the action" is that the "party has actually made some presentation or submission *to the district court* in the pending action." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc., supra,* 925 F.2d at 230. The court explained that, rather than "distort the meaning of a concrete term such as 'appearance' in order to provide a mechanism to save a party from a default judgment," it is more appropriate for a trial court to grant relief under Fed.R.Civ.P. 60(b) (the counterpart to C.R.C.P. 60(b)) when, "for example, a defaulted party is lulled or induced into inaction by settlement discussions and foregoes filing an appearance and responsive pleading." *Zuelzke Tool & Eng'g Co., Inc., v. Anderson Die Castings, Inc.,* 925 F.2d at 230–31; *accord Town & Country Kids, Inc., v. Protected Venture Inv. Trust # 1, Inc.,* 178 F.R.D. 453, 454 (E.D.Va.1998).

However, owner suggests that we rely on federal cases that have held that a defendant's indication to the plaintiff that it intends to defend the suit is sufficient to constitute an appearance and, thus, to require the plaintiff to give notice of a motion for default judgment. *See Muniz v. Vidal,* 739 F.2d 699, 701 (1st Cir.1984) (stating that a sufficient appearance occurs when a party indicates a clear purpose to defend the suit);

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 692 (D.C.Cir. 1970) (requiring a party to demonstrate a clear purpose to defend the suit in order to trigger the notice provision of Fed.R.Civ.P. 55(b)(2)); *CSB Corp. v. Cadillac Creative Adver., Inc.,* 136 F.R.D. 34, 35 (D.R.I.1990) (holding that an indication of a clear intent to participate in settlement negotiations and to defend the suit constitutes an appearance).

Although the supreme court has stated that the phrase "appeared in the action" does not refer to "technical concepts of appearance as the word is used in analysis of jurisdiction over the person," the decisions of Colorado courts have uniformly relied on the defendant's communication with the court. *R.F. v. D.G.W., supra,* 192 Colo. at 530, 560 P.2d at 838. We have found no case in which the court concluded that communication with opposing counsel was sufficient to require notice under C.R.C.P. 55(b). As there are federal cases consistent with the rulings of Colorado courts, we decline to rely on the federal decisions presented by the HOA.

■ Therefore, we conclude that the phrase "appeared in the action" as used in C.R.C.P. 55(b) requires that a defendant communicate with the court in a manner that demonstrates to the court that the defendant is aware of the proceedings and intends to participate in them. Although we recognize the rationale of the federal cases, the words of the rule, the general understanding of what constitutes an appearance in an action, and past applications of the rule by Colorado courts persuade us that communication with the court is required. Therefore, we decline to follow the federal cases on which owner relies.

### 2. No Appearance

■ Here, neither owner nor its counsel entered an appearance. And before the entry of default judgment, owner did not file a responsive pleading or otherwise communicate with the trial court in a manner that was sufficient to indicate to the court that it was aware of the proceedings and intended to participate in them.

Thus, even assuming, as owner contends, that the HOA knew owner intended to defend the suit and knew the identity of its counsel, and that owner delivered a draft answer and counterclaim to the HOA three days before the court entered the default judgment, we conclude that owner did not appear in the action and that the notice requirement of C.R.C.P. 55(b) was not triggered.

## B. Sufficiency of Evidence

Owner also asserts that the HOA did not present sufficient evidence to establish a basis for the default or the amended default judgment. We do not agree.

### 1. Law

■ Pursuant to C.R.C.P. 55(b), a trial court may hold a hearing regarding default judgment if "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." The trial court has broad discretion to determine whether a hearing is necessary prior to entering a default judgment. *Orebaugh v. Doskocil,* 145 Colo. 484, 487, 359 P.2d 671, 673 (1961). Nonetheless, the trial court must "make sufficient findings to enable the appellate court to clearly understand the basis of the trial court's decision and . . . to determine the ground on which it rendered its decision." *Norton v. Raymond,* 30 Colo.App. 338, 340, 491 P.2d 1403, 1404 (1971).

### 2. Sufficient Evidence

We first conclude that there was sufficient evidence to support the court's finding that owner did not file a responsive pleading and, as a result, was in default.

With regard to the amount of damages, we conclude that the amended judgment superseded the original judgment, and, therefore, we do not consider whether the original judgment amount was supported by sufficient evidence.

Regarding the amended default judgment amount, owner asserts that the HOA did not support its claim for damages with documen-

tary evidence and that the trial court was required to hold a hearing to determine the proper amount of damages. However, the HOA's motion to amend the judgment explained the bases of the amounts due and showed·the calculations by which it arrived at the requested judgment amount.

Although owner filed a motion to set aside the default judgment, its only objections to the damages were based on limitations arising from statute, the HOA's covenants, and the creditor's superior rights under the deed of trust. Owner's motion did not contend that there was insufficient evidence to support the HOA's explanation or calculation of the requested judgment amount.

Therefore, we conclude that owner did not preserve the issue of the sufficiency of the evidence of the HOA's damages. We also conclude that the trial court's findings are sufficient to enable us to clearly understand the basis of its determination of the amount of the judgment and that the court did not err when it determined that amount.

## C. Clerk's Default

Owner also contends that the default judgment must be reversed because the court did not follow the procedural requirements of C.R.C.P. 55(a). We disagree.

■ C.R.C.P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." Although C.R.C.P. 55(a) allows the clerk to enter a default, it does not forbid the court from entering a default judgment under C.R.C.P. 55(b). *See Griffing v. Smith,* 26 Colo.App. 220, 223–24, 142 P. 202, 204 (1914) (the comparable rule, former Code of Civil Procedure § 185, stated that "the clerk shall" enter judgment, and the court concluded that the provision "was never intended to deprive the court of its power to render a judgment, but only to give the clerk authority to enter it").

We conclude that the trial court had the power to enter the default judgment against

owner and met the procedural requirements of C.R.C.P. 55.

### III. Motion to Set Aside Default Judgment

Owner contends the trial court erred when it did not set aside the default judgment. We remand for further findings and conclusions.

#### A. Hearing

Owner contends the trial court erred when it denied its motion to set aside the default judgment without conducting a hearing. We conclude that the court was not required to conduct a hearing regarding the questions of the existence of a so-called standstill agreement and the amount of damages. However, the court's order did not address owner's arguments that the HOA fraudulently used the communications regarding settlement to "entrap" owner into a default position, and falsely induced the court to enter a personal judgment against owner, contrary to the HOA's covenants. Consequently, we remand for determination of those issues.

##### 1. Law

■ Trial courts are not required to conduct evidentiary hearings to determine motions to vacate default judgments. C.R.C.P. 60(b); *Front Range Partners v. Hyland Hills Metro. Park & Recreation Dist.*, 706 P.2d 1279, 1281 (Colo.1985); *see Olmstead v. Dist. Court*, 157 Colo. 326, 403 P.2d 442 (1965); *Riss v. Air Rental, Inc.*, 136 Colo. 216, 315 P.2d 820 (1957); *Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974).

■ We will not disturb a trial court's ruling on a motion to set aside a default judgment unless it abused its discretion. *Plaisted v. Colo. Springs Sch. Dist. No. 11*, 702 P.2d 761, 762 (Colo.App.1985) (citing *Walker v. Assocs. Loan Co.*, 153 Colo. 261, 263–64, 385 P.2d 421, 422 (1963)). If the trial court can discern the facts necessary to decide such a motion from the record and without an evidentiary hearing, we will not reverse its decision on appeal absent an abuse of discretion. *People in Interest of V.W.*, 958 P.2d 1132, 1134 (Colo.App.1998); *see Plaisted*

*v. Colo. Springs Sch. Dist. No. 11, supra,* 702 P.2d at 763 (where the trial court's finding is supported by the record, we will not disturb it on review).

##### 2. Existence of an Agreement and Amount of Damages

Here, after reviewing owner's motion to set aside and the HOA's response, the trial court found that there was no agreement that owner need not file an answer within the time specified in C.R.C.P. 12(a). Although owner disputes the court's finding and the validity of the amount of the judgment, the facts relevant to these issues can be discerned from the pleadings and affidavits in the record. Therefore, we conclude the trial court did not abuse its discretion by not holding a hearing regarding them.

##### 3. Fraud

■ However, the court's order did not address owner's allegations that the default judgment should be set aside on the basis of fraud, misrepresentation, or other misconduct of an adverse party. Because the order does not address these issues, we are not able to determine whether the court erred when it did not conduct a hearing with regard to them. Therefore, we remand the case to the court for a ruling on these issues.

#### B. Mistake and Excusable Neglect

Owner contends that the trial court erred when it concluded that owner's failure to file an answer was not the result of mistake or excusable neglect. We conclude that the court's order is not sufficient to enable us to resolve this issue. Therefore, we remand for additional findings and, if necessary, further proceedings.

##### 1. Law

■ Courts favor the resolution of disputes on their merits. *Craig v. Rider*, 651 P.2d 397, 402–03 (Colo.1982). Therefore, a default judgment is a serious and drastic resolution. *First Nat'l Bank v. Fleisher, supra,* 2 P.3d at 713. For these reasons, the "requirements for [vacating] a default judgment should be liberally construed in favor of the movant, especially where the motion has

been promptly made." *Craig v. Rider, supra,* 651 P.2d at 402.

▮ The underlying goal "is to promote substantial justice." *Craig v. Rider, supra,* 651 P.2d at 401. However, the trial court has broad discretion when determining whether substantial justice would·be served by setting aside a default judgment. *Craig v. Rider, supra; Dunton v. Whitewater W. Recreation, Ltd.,* 942 P.2d 1348 (Colo.App. 1997).

Among other reasons, a court may relieve a party from a final judgment on the basis of mistake, inadvertence, surprise,·or excusable neglect. C.R.C.P. 60(b)(1).

Discussing excusable neglect in the context of Fed.R.Civ.P. 60(b) and Bankruptcy Rule 9006(b), the Supreme Court concluded as follows:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (footnote omitted).

▮ Our supreme court has held that when considering a motion to set aside a default judgment, a trial court should base its decision on "(1) whether the neglect that resulted in the entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious defense; and (3) whether relief from the challenged order would be consistent with considerations of equity." *Dunton v. Whitewater W. Recreation, Ltd., supra,* 942 P.2d at 1351; *see also Craig v. Rider, supra; Plaisted v. Colo. Springs Sch. Dist. No. 11, supra.*

▮ The terms mistake, inadvertence, surprise, and·excusable neglect all include an absence of culpable conduct. *See Weiss v. St.·Paul Fire & Marine Ins. Co.,* 283 F.3d 790, 795 (6th Cir.2002). Thus, courts should give liberal consideration to a motion to set aside when the default resulted from "honest mistakes rather than willful misconduct, carelessness or negligence." *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981); *see United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839 (6th Cir.1983); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981).

▮ When determining whether a defendant's failure to act is excusable under C.R.C.P. 60(b), courts "should not impute the gross negligence of an attorney to the client." *Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112, 1116 (Colo.1986).

### 2. Facts

Here, owner was required to file a responsive pleading not later than December 28, 2004. It is undisputed that between approximately December 16, 2004 and January 28, 2005, the parties communicated regarding the possibility of settlement. The HOA filed its motion for default judgment on January 20, 2005, about thirty-five days after its first communication with owner and twenty-three days after owner's responsive pleading was due. The court entered default judgment on January 31, 2005.

It is also undisputed that the HOA did not inform owner about its motion for default judgment when the parties met on January 28, 2005, and the HOA did not do so until January 31, 2005, the day the court entered judgment. Owner did not file a responsive pleading until February 1, 2005. The HOA filed its motion to amend the judgment on February 4, 2005, and owner filed its motion to set aside the default judgment on February 9, 2005.

In its motion, owner asked the court to set aside the judgment based on several grounds, including the existence of the purported agreement. In its reply brief on the motion, it argued that, even if its counsel was mistaken in his understanding that the parties had entered into such an agreement, counsel's reasonable belief that such an agreement existed, his good faith communication of that belief to owner, and owner's reliance on that representation constituted excusable neglect.

The court concluded that the parties had not entered into an agreement regarding owner's answer and that owner's failure to answer was not attributable to excusable neglect by owner or its attorney. The court also found that owner failed to prove that the HOA or its attorney was untruthful or committed a fraud on the court or owner.

### 3. Agreement

Although there is conflicting evidence regarding the existence of the so-called standstill agreement, the court relied on the pleadings and affidavits to make its finding, and we will not disturb the finding.

### 4. Mistake

 However, notwithstanding the court's finding that there was no agreement, the court's order is not sufficient to enable us to determine whether the court considered whether owner and its counsel labored under an honest mistake regarding the nature and scope of the agreement to discuss settlement, and whether they acted in good faith compliance with the perceived scope of the agreement. Therefore, we also remand for a determination of whether, notwithstanding the absence of a binding agreement, the default judgment should be set aside based on mistake.

On remand, the court must conduct a hearing unless it can discern the facts necessary to decide the issues from the record without a hearing. If necessary, the court should also consider whether owner alleged a meritorious defense and whether relief from the challenged order would be consistent with considerations of equity. *See Dunton v. Whitewater W. Recreation, Ltd., supra.*

The judgment is affirmed, the order denying the motion to set aside the judgment is vacated, and the case is remanded for additional findings of fact and conclusions of law consistent with this opinion.

Judge CASEBOLT and Judge ROMÁN concur.