ROTH, Judge
(concurring):
¶31 I concur in the reasoning and the result of the lead opinion because, as aptly expressed in note 9, the result appears to be mandated by the Utah Supreme Court’s decision in Arbogast Family Trust v. River Crossings, LLC, 2010 UT 40, 238 P.3d 1035. However, I write separately to express my concern that under current Utah law, as expressed in Arbogast, a party’s personal appearance in court to defend against a substantive motion, as Tangren did here, does not amount to an “appearance” under rule 5.
¶32 I agree with the lead opinion’s conclusion that “the ‘bright-line’ rule from Arbogast is that a party must file or submit a pleading to the court in order to appear” for purposes of rule 5(a). See supra ¶¶26-27. Indeed, in adopting the requirement for “a formal filing” as the sine qua non of an appearance, Arbogast sought to identify a . “bright-line rule that is sensible and easy, to administer,” and that would avoid the “lack of clarity, practical difficulty, and inconsistent -results as to what conduct and level of participation is needed to appear” under the majority “informal contacts” rule. See Arbogast, 2010 UT 40, ¶¶ 25, 29, 33, 238 P.3d 1035 (citations and internal quotation marks omitted).
*1160 ¶33 But Arbogast involved a defaulted defendant’s claim that an informal extension of time arranged between counsel to answer the complaint and a pending settlement offer were enough of an. indication of the defendant’s intention to defend the case to constitute an “appearance” under rule 5. See id. ¶¶ 5-7. The court’s concern was to set a standard for appearance that, in contrast to the “informal contacts” rule, would “eliminate case-by-ease litigation over whether a party’s informal actions rise to the level of an appearance and best promote[ ] efficient court management by allowing court clerks to quickly and easily determine whether the defaulting party has appeared in an action.” Id. ¶ 33. It is in this context that the court summarized its decision: “We hold that in every instance, communications and conduct between parties will only enjoy the status of an appearance under rule 5 if marked by a formal filing with the tribunal in which the relevant action is pending.” Id. ¶ 34 (emphasis added).
¶34 In contrast, in the case before us, Tangren does not rely on informal communication with opposing counsel to support his claim that he was entitled to notice before entry of default; he relies on his actual appearance in court to contest the Trust’s preliminary injunction motion. (And it may be worth noting that it is almost impossible to describe Tangren’s presence at the preliminary injunction without using some form of the common term “appearance.”) Indeed, Ar-bogast’s discussion of the plain meaning of the term “appearance” suggests that what Tangren did ought to meet rule 5’s requirement:
Lega} definitions of “appearancé” include “[tjo present oneself formally before a court as defendant, plaintiff or counsel,” American Heritage Dictionary 120 (emphasis added), or to “com[e ] into court as a party or interested person” or by “participating in [a lawsuit] by answer, demurrer, or motion.” Black’s Law Dictionary 107 (8th ,ed.. 2004) (emphasis added). Historically, an appearance required “some act by which a person who is sued submits himself to the authority and jurisdiction of the court.” Black’s Law Dictionary 107.
Id. ¶ 19 (alterations in original) (final citation curtailed). Certainly, by defending against the plaintiffs motion at a court hearing scheduled for that purpose, .Tangren can be said to have presented himself “formally before a court as defendant,” “com[e] into court as a party,” or “submitted] himself to the authority and jurisdiction of the court” just as thoroughly as he would have by submitting a formal pleading. See id. (citations, emphasis, and internal quotation marks omitted). And in doing so, he effectively communicated to the court—and to the plaintiff—his intention to participate in the proceedings. See Plaza del Lago Townhomes Ass’n v. Highwood Builders, LLC, 148 P.3d 367, 371 (Colo. App. 2006) (concluding “communication with the court is required” and that the “phrase ‘appeared in the action’ ... requires that a defendant communicate with the court in a manner that demonstrates to the court that the defendant is aware of the proceedings and intends to participate in them” (citation omitted)); see also Arbogast, 2010 UT 40, ¶ 30, 238 P.3d 1035 (citing Plaza del Lago Townhomes Ass’n, 148 P.3d at 371, for the same).
¶35 In my view, the Arbogast reasoning can be extended to include within the scope of an “appearance” under rule 5(a)(2)(B) a party’s active participation in a substantive proceeding in a ease so as to thereafter require service of the papers described in rule 5(a)(1), including the filings prompting and related to the entry of default and default judgment. See Utah R. Civ. P. 5(a)(1), (2)(B). A party’s appearance at such a proceeding “suggest[s] an obvious and definite presence before a court” and “leaves no question as to the presence of a party or his intent to defend the suit.” Arbogast, 2010 UT 40, ¶ 19, 238 P.3d 1035. It also meets the primary requirements of “a bright-line rule that is sensible and easy to administer.” Id. ¶ 33 (citation and internal quotation marks omitted). Indeed, like a “formal filing,” a party’s physical appearance and formal participation in a hearing “will leave no question in the minds of plaintiffs, defendants, or courts as to who has made an appearance in a case” and should not result in “case-by-case litigation over whether a party’s informal actions rise to the level of an appearance.” Id. And court clerks can just as “quickly and easily determine whether the defaulting par *1161 ty has appeared in an action” by the party’s actual participation in a court proceeding as through a formal filing. Id.
¶36 In sum, if an appearance under rule-5 included the sort of appearance that Tangren made at the preliminary injunction proceeding—as I think it should—default judgment could not have been entered against him until he was served with a motion for entry of default and related papers. Cf id. ¶30 (“Once a party formally files or submits a pleading to the court, it is entitled to notice of all activity throughout the proceedings, and no default judgment may be entered without first serving the defaulting party.”). Nevertheless, I agree with the lead opinion that our supreme court’s holding that the “bright-line rule” requires “a formal filing” limits our ability to consider a different result here. See id. ¶¶ 33 -34.