24CA0443 Anderson v Gegus-Brown 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0443
Larimer County District Court No. 23CV30389
Honorable Juan G. Villaseñor, Judge

Denice Anderson,

Plaintiff-Appellee,

v.

Shawn Gegus-Brown, a/k/a Shawn Brown,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

Hadfield, Stieben & Doutt, LLC, Gordon M. Hadfield, Sara K. Stieben, Michie Kuhlman, Fort Collins, Colorado, for Plaintiff-Appellee

Stinar, Zendejas, Burrell & Wilhelmi, PLLC, Christopher G. Wilhelmi, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1    Defendant, Shawn Gegus-Brown, appeals the district court's order denying her motion to set aside the default judgment entered against her.  We affirm.

I.    Background Facts and Procedural History

¶ 2    In July 2021, Gegus-Brown's dog bit plaintiff, Denise Anderson, while Anderson was viewing a room for rent in Gegus-Brown's home.  Paramedics took Anderson to a hospital, where she was treated for multiple lacerations and received stitches in her right cheek, chin, and neck.

¶ 3    Anderson filed a lawsuit against Gegus-Brown in May 2023.  Anderson asserted three negligence claims arising from the dog bite incident and requested awards of economic damages, noneconomic damages, and damages for permanent impairment and disfigurement, as well as interest and court costs.

¶ 4    According to the return of service that Anderson submitted to the court, a process server served Gegus-Brown with the complaint two days after Anderson filed it.

¶ 5    After Gegus-Brown failed to file an answer or other response, the court directed Anderson to submit a motion for default judgment.  In that motion, Anderson requested entry of a judgment

1

in the amount of $259,869.41 — $258,088.64 in damages and $1,780.77 in "legal costs." The damages figure included $8,088.64 for medical expenses, $100,000 for permanent disfigurement, and $150,000 for additional noneconomic damages.

¶ 6     The court conducted an evidentiary hearing on damages in August 2023. Gegus-Brown failed to appear at the hearing. The court entered a final judgment in Anderson's favor in the amount of $259,869.41.

¶ 7     Anderson later filed a motion to add $46,178.97 in prejudgment interest to the amount of the judgment. The court granted the motion and increased the amount of the judgment to $304,267.61.

¶ 8     Four months after the damages hearing, Gegus-Brown, through counsel, filed a motion to set aside the default judgment (the motion to set aside), arguing that the judgment was void under C.R.C.P. 60(b)(3) because Anderson had never served her. Gegus-Brown's lawyer asserted in the motion to set aside that Gegus-Brown had meritorious defenses and that equity favored setting aside the default judgment.

¶ 9    The court conducted an evidentiary hearing on the motion to set aside.  Gegus-Brown appeared pro se and Anderson appeared through counsel.

¶ 10   The court explained that it was struggling to make sense of the arguments presented in the motion to set aside.  It remarked that the motion to set aside referred to conflicting theories under C.R.C.P. 60(b)(1) and C.R.C.P. 60(b)(3).  The court explained that C.R.C.P. 60(b)(1) applies when the moving party argues that she was served but failed to respond due to excusable neglect.  The court said that, in contrast, a party can obtain relief under C.R.C.P. 60(b)(3) if she was never served.

¶ 11   After noting that Gegus-Brown's lawyer argued in the motion to set aside that Gegus-Brown was never served, the court said it would construe her argument at the hearing as a request to set aside the default judgment for lack of service under C.R.C.P. 60(b)(3).  When the court asked Gegus-Brown whether she understood what it had said, Gegus-Brown responded, "Somewhat."

¶ 12   Gegus-Brown and her ex-husband testified in support of the motion to set aside.  Anderson's lawyer called one witness — a process server who testified that he had served Gegus-Brown,

whom he identified in the courtroom as the individual he had served.

¶ 13    The court afforded Gegus-Brown multiple opportunities to object when Anderson's lawyer cross-examined her and to present additional arguments in her rebuttal case.  The court told her, "It[']s your motion so you get a rebuttal case.  Any, anything else you want to present I mean Ms. Gegus-Brown.  You can testify again if you want based on what you heard" at the hearing.  Gegus-Brown responded, "No, Your Honor."

¶ 14    At the conclusion of the hearing, the court denied the motion to set aside.  The court said that the testimony of Gegus-Brown's ex-husband was "far-fetched fiction and . . . an attempt to deceive the Court" and that Gegus-Brown's testimony was "similarly evasive."  The court further found that her testimony was "not credible."

¶ 15    Gegus-Brown appeals the order denying the motion to set aside.

## II.    Analysis

¶ 16    Gegus-Brown contends that the court abused its discretion by

- refusing to allow her to argue excusable neglect under C.R.C.P. 60(b)(1) at the hearing and not considering the factors outlined in *McMichael v. Encompass PAHS Rehabilitation Hospital, LLC*, 2023 CO 2, ¶ 13, 522 P.3d 713, 719, for determining whether a judgment should be set aside for excusable neglect; and

- entering an excessive damages award against her.

### A. Gegus-Brown's Excusable Neglect Argument

¶ 17  Gegus-Brown contends that the court erred by not considering whether the default judgment against her should be set aside for excusable neglect under C.R.C.P. 60(b)(1).  The record, however, shows that Gegus-Brown did not present a C.R.C.P. 60(b)(1) argument in her motion to set aside or at the hearing and, furthermore, that the court did not limit the arguments that Gegus-Brown could present at the hearing.

### 1. Standard of Review

¶ 18  We review a district court's order on a motion to set aside a default judgment for an abuse of discretion.  *Plaza del Lago Townhomes Ass'n v. Highwood Builders, LLC*, 148 P.3d 367, 373 (Colo. App. 2006).  A court abuses its discretion when its decision

"rests on a misunderstanding or misapplication of the law, or when its decision is manifestly arbitrary, unreasonable, or unfair." *Sebastian v. Douglas County*, 2013 COA 132, ¶ 12, 370 P.3d 175, 177 (citation omitted), *aff'd*, 2016 CO 13, 366 P.3d 601.

### 2. Gegus-Brown's Motion to Set Aside

¶ 19 Although Gegus-Brown's lawyer mentioned "excusable neglect" in the motion to set aside, he did not present an excusable neglect argument in that motion. Gegus-Brown's lawyer cited — but did not apply to the facts of Gegus-Brown's case — the three factors that courts consider when determining whether a default judgment may be set aside for excusable neglect under C.R.C.P. 60(b)(1). *See McMichael*, ¶ 13, 522 P.3d at 719 (When determining whether to relieve a party of a default judgment under C.R.C.P. 60(b), a court should consider "(1) whether the neglect that resulted in entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether relief from the challenged order would be consistent with considerations of equity." (quoting *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo. 1986))).

¶ 20    Rather, Gegus-Brown's lawyer attempted to shoehorn the *McMichael* factors into his argument that Anderson's default judgment should be set aside for lack of personal service under C.R.C.P. 60(b)(3).  The *McMichael* factors do not apply to C.R.C.P. 60(b)(3) arguments, however.  For example, the first *McMichael* factor focuses on whether the moving party's neglect was excusable.  Yet a party who was never served cannot argue that she did not respond to the opposing party's complaint because the surrounding circumstances "would cause a reasonably careful person similarly to neglect a duty."  *McMichael*, ¶ 14, 522 P.3d at 719 (quoting *In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001)).  A litigant has no duty to respond to a complaint never served on her.

¶ 21    In any event, nowhere in the motion to set aside did Gegus-Brown's lawyer argue that Gegus-Brown's failure to respond to Anderson's complaint was attributable to excusable neglect.  Her additional claims that she had a meritorious defense and that equitable considerations favored granting her relief from the default judgment — the remaining *McMichael* factors — are irrelevant in the absence of an assertion of excusable neglect.  It is of no consequence that a defendant has a meritorious defense if the

defendant was never served. A judgment cannot stand if the defendant was never served, regardless of the strength of the moving party's defenses. Similarly, equitable considerations are irrelevant if the defendant was never served.

¶ 22     In addition, although Gegus-Brown's lawyer emphasized in the statement of the facts section of the opening brief that Gegus-Brown was not served with Anderson's motion for entry of default judgment and the related filings and orders (the default judgment documents), he did not argue that the default judgment entered against Gegus-Brown should be set aside for that reason. Moreover, in the motion to set aside, Gegus-Brown's lawyer did not assert that the default judgment documents should have been served on Gegus-Brown. In any event, Gegus-Brown was not entitled to service of any filings or orders in the case before her attorney entered his appearance on her behalf following the entry of the default judgment against her. *See Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 323 (Colo. 2010).

¶ 23     But even if Gegus-Brown's appellate lawyer intended to challenge service of the default judgment documents, we would not consider such argument on the merits because it was neither

8

preserved nor sufficiently developed. *See Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18, 287 P.3d 842, 847 ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal."); *Grand Junction Peace Officers' Ass'n v. City of Grand Junction*, 2024 COA 89, ¶ 28, 558 P.3d 1021, 1031 (declining to consider undeveloped assertion).

### 3. The Evidentiary Hearing

¶ 24    In addition, Gegus-Brown did not argue excusable neglect at the hearing on the motion to set aside, although the court permitted her to do so.

¶ 25    As noted above, at the beginning of the hearing, the court attempted to determine what arguments Gegus-Brown's lawyer asserted in the motion to set aside, which the court characterized as "very confusing." The court noted that the motion to set aside referred to two conflicting arguments — that the default judgment was void under C.R.C.P. 60(b)(3) because Gegus-Brown was never served *and* that her failure to respond to Anderson's complaint was excusable under C.R.C.P. 60(b)(1). In light of the motion to set aside's focus on Anderson's alleged failure to serve Gegus-Brown,

9

the court said, "[S]o as I see it, the only ground that we're proceeding under is that you were not served with process properly. . . . I don't see any grounds for [proceeding] under . . . [C.R.C.P.] 60(b)(1), excusable neglect. Do you understand what I said?" Gegus-Brown responded "[s]omewhat" and did not indicate what portions, if any, of the court's statement she did not understand or ask for clarification.

¶ 26 Accordingly, the court did not bar Gegus-Brown from presenting an excusable neglect argument under C.R.C.P. 60(b)(1). Rather, it determined that the motion to set aside rested on an argument that Anderson had never served Gegus-Brown, and that Gegus-Brown intended to present such an argument at the hearing.

¶ 27 In any event, the court allowed Gegus-Brown to raise additional arguments at the hearing. After Gegus-Brown testified that she was never served, the court asked, "Anything else you want to add as far as service?" Gegus-Brown responded, "[M]y attorney that had been representing me told me [that] this was just going to be the service of . . . papers."

¶ 28 At the conclusion of Gegus-Brown's testimony, the court gave her yet another opportunity to raise further arguments. The court

asked, "Ms. Gegus-Brown, anything else you want to add to your testimony in a narrative fashion?" Gegus-Brown responded, "No, thank you, Your Honor." Thus, the record shows that the court afforded Gegus-Brown several opportunities to present additional arguments, each of which she declined.

¶ 29 Under these circumstances, we conclude that the court's denial of the motion to set aside neither "rest[ed] on a misunderstanding or misapplication of the law" nor was "manifestly arbitrary, unreasonable, or unfair." *Sebastian*, ¶ 12, 370 P.3d at 177. At the hearing, Gegus-Brown presented a C.R.C.P. 60(b)(3) argument and declined to present any other arguments. For these reasons, we hold that the court did not abuse its discretion by declining to consider whether Gegus-Brown's default was attributable to excusable neglect.

## B. Gegus-Brown's Argument Regarding the Amount of the Default Judgment

¶ 30 Gegus-Brown contends that the court erred by entering an excessive judgment against her. But she did not provide us with a transcript of the hearing at which Anderson presented evidence in

support of her request for entry of a judgment in the amount of $259,869.41, and the court entered a judgment in that amount.

¶ 31 "If [the] appellant intends to include transcripts of any hearings or trial . . . in the record on appeal, the appellant must file a designation of transcripts with the trial court . . . ." C.A.R. 10(d)(1). "The appellant must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3).

¶ 32 "[I]f the appellant does not provide a complete record on appeal, we must presume the record supports the trial court's conclusions." *Colorado Dep't of Pub. Health & Env't v. Bethell*, 60 P.3d 779, 787 (Colo. App. 2002).

¶ 33 The burden was on Gegus-Brown to request the transcript. Without the transcript, we cannot review the evidence supporting the court's award of damages to Anderson, are unable to consider Gegus-Brown's excessive damages argument, and must defer to the court's determination of damages.

### III.    Disposition

¶ 34 The order is affirmed.

JUDGE J. JONES  and JUDGE SULLIVAN concur.